SEAN REIS (SBN 184004)
sreis@edelson.com
EDELSON MCGUIRE, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124
Facsimile: (949) 459-2123

*Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA LEE, individually and on behalf of a class of similarly situated individuals, | Case No. |
| Plaintiff, | CLASS ACTION COMPLAINT FOR: |
| v. | VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227. |
| STONEBRIDGE LIFE INSURANCE COMPANY, a Vermont corporation, | |
| Defendant. | DEMAND FOR JURY TRIAL |

Plaintiff Jessica Lee ("Plaintiff" or "Lee") brings this Class Action Complaint against Stonebridge Life Insurance Company ("Defendant" or "Stonebridge") to stop Defendant's practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by its conduct. Plaintiff, for her Class Action Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE CASE

1. Wireless spam is a growing problem in the United States. According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds—from coupons to phishing schemes—sent directly to user's cell phones." In fact, "57% of adults with cell phones have

CLASS ACTION COMPLAINT
1

received unwanted or spam text messages on their phone." Amanda Lenhart, *Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens*, Pew Research Center (2010) at http://pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx.

2. In an effort to promote the sale of Stonebridge's insurance products, Stonebridge, a nationwide provider of life insurance, engaged in an especially pernicious form of marketing: the transmission of unauthorized advertisements in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

3. By effectuating these unauthorized text message calls (hereinafter, "wireless spam"), Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

4. In order to redress these injuries, Plaintiff, on behalf of herself and a nationwide class of similarly situated individuals, brings this suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), which prohibits unsolicited voice and text calls to cell phones.

5. On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease all wireless spam activities to her and the proposed class as well as an award of actual and statutory damages to the class members, together with costs and reasonable attorneys' fees.

**PARTIES**

6. Plaintiff Lee is a citizen of the State of Virginia.

7. Defendant Stonebridge Life Insurance Company is an insurance company organized and existing under the laws of the State of Vermont and maintains its principal place of business in the State of Iowa. It does business throughout the United States, including in the State of California where it is registered and this Judicial District.

**JURISDICTION AND VENUE**

CLASS ACTION COMPLAINT
2

8. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 (d) because: (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

9. Venue is proper in the Northern District of California under 28 U.S.C. § 1391(b) because the text message calls at issue were transmitted nationwide from a telephone number located in this District.

10. This Court has personal jurisdiction over the Defendant under Cal. Code Civ. Proc. § 410.10 because certain of the acts alleged herein were committed in California (and, specifically, the Northern District of California).

**INTRADISTRICT ASSIGNMENT**

11. Some or all of the text message calls at issue were transmitted nationwide from telephone numbers located in this District, including 650-283-0793 which contains an area code encompassing San Mateo and northern Santa Clara counties. Under Local Rule 3-2(c), this civil action should be assigned to either the San Jose division or San Francisco division of the Northern District of California.

**CONDUCT COMPLAINED OF**

12. In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

13. One of the newest types of such bulk marketing is to advertise through Short Message Services, commonly know as text messages. The term "Short Message Service," "SMS," or "text message" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and/or receive short text messages, usually limited to 160 characters.

14. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call

is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

15. Unlike more conventional advertisements, SMS message calls, and particularly wireless spam, can actually cost their recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

16. Beginning in at least 2010 and continuing for months thereafter, Defendant Stonebridge and/or its agents caused mass transmissions of wireless spam to the cell phones of what they hoped were potential customers of Stonebridge's insurance products.

17. For instance, on or about November 28, 2010, Plaintiff's cell phone rang, indicating that a text call was being received.

18. The "from" field of the transmission was identified as "650-283-0793," which is a dedicated telephone number operated by Defendant's agents that transmits text messages *en masse* through devices known as modem banks and/or carrier gateways. The body of the text message read:

> THANKS 4 VISITING OUR WEBSITE PLEASE
> CALL 877-711-5429 TO CLAIM YOUR $100
> WALMART GIFT CARD VOUCHER!
> REPLY STOP 2 UNSUB

19. As with other forms of advertising, marketers control the content that appears in the body of an SMS message in order to maximize the effectiveness of the advertisement. In certain cases, marketers employ misleading or deceptive content in the body of the message in order to increase the likelihood that the recipient will respond to the message.

20. In the instant matter, Defendant and/or its agents reference the name of Walmart,[1] a well-known and prevalent company, in the body of the message and promise a $100 gift card in order to induce a response from recipients. Calling the toll-free telephone

---

[1] Walmart is a registered trademark of Walmart Stores, Inc. Plaintiff's investigation to date has not revealed any involvement by Walmart Stores, Inc. in the scheme described herein.

number contained in the above text message reveals the true purpose of the marketing message: the promotion of Stonebridge's insurance products and services.

21. When recipients of the above text message call the toll-free telephone number identified in the body of the message, Defendant and/or its agents present offers from a uniform script for Stonebridge insurance products. The offers presented include those for Stonebridge life insurance products and an invitation to receive a return telephone call, or "follow-up" call, from a Stonebridge representative.

22. When recipients of the above text message accept the invitation to receive a follow-up call from Stonebridge, such a call is received shortly thereafter, including from telephone number 312-436-1157, wherein further offers for Stonebridge insurance products are presented, including the opportunity to purchase a Stonebridge life insurance policy and to register in "The Stonebridge Life Insurance Company $5,000 Sweepstakes," the official rules for which may be found at the following website operated by Defendant's agent Ventura Associates, Inc.: www.stonebridgeshoppingspree2.com.

23. When a consumer dials the telephone numbers from which the follow-up calls originate, including the telephone number 312-436-1157, the following automated message is played:

> HELLO! YOU'VE RECEIVED A CALL FROM A TELEPHONE SALES AGENCY WITH A VALUABLE OFFER FROM STONEBRIDGE LIFE INSURANCE COMPANY. WE APOLOGIZE FOR ANY INCONVENIENCE.
>
> TO HEAR ABOUT SOME OF THE PRODUCTS AVAILABLE THROUGH STONEBRIDGE LIFE INSURANCE COMPANY AND ITS AFFILIATED COMPANIES, CALL 1-800-527-5717.
>
> IF YOU WOULD LIKE TO BE PLACED ON STONEBRIDGE LIFE INSURANCE COMPANY'S DO NOT CALL LIST FOR ALL OFFERS, PLEASE PRESS 2. OTHERWISE, THANK YOU, AND HAVE A GREAT DAY.

24. Defendant's and/or its agents' use of dedicated telephone numbers enabled Defendant's mass transmission of wireless spam to a list of cellular telephone numbers, including that belonging to Plaintiff and the proposed Class.

25. At no time did Plaintiff consent to the receipt of the above-referenced text message or any other such wireless spam text message from Defendant.

## CLASS ALLEGATIONS

26. Plaintiff brings this action on behalf of herself and a class (the "Class") defined as follows: All persons in the United States and its territories who received one or more unauthorized text message advertisements on behalf of Stonebridge.

27. Upon information and belief, there are over 5,000 members of the Class such that joinder of all members is impracticable.

28. Common questions of law and fact exist as to all members of the Class and such questions predominate over questions affecting Plaintiff or individual members. Common questions for the Class include:

    (a) Does the wireless spam Defendant distributed violate the TCPA?

    (b) Are the Class members entitled to treble damages based on the willfulness of Defendant's conduct?

29. Plaintiff will fairly and adequately protect the interests of the Class, her claims are typical of the claims of the members of the Class, and she has retained counsel competent and experienced in similar class action litigation.

30. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the Class is impracticable, and (b) many members of the Class cannot vindicate their rights by individual lawsuits because their damages are small relative to the burden and expense of litigating individual actions.

## COUNT I

**(Violation of the TCPA, 47 U.S.C. § 227: On behalf of the Class)**

31. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

32. Defendant and its agents made unsolicited commercial text calls to the wireless telephone numbers of Plaintiff and the other members of the Class using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

33. These text calls were made *en masse* through the use of a dedicated telephone number without the prior express consent of Plaintiff and the Class.

34. Defendant has, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's illegal conduct, the members of the Class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each such violation of the TCPA.

34. Defendant's misconduct was willful and knowing, and the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and members of the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jessica Lee, on behalf of herself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;
2. An injunction requiring Defendant to cease all wireless spam activities;
3. An award of actual and statutory damages;
4. An award of reasonable attorneys' fees and costs; and
5. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

January 4, 2011

                      **JESSICA LEE**, individually and on behalf of a class of similarly situated individuals

                      By: /s/ Sean Reis
                           One of Plaintiff's attorneys

SEAN REIS (SBN 184004)
sreis@edelson.com
EDELSON MCGUIRE, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124
Facsimile: (949) 459-2123

CLASS ACTION COMPLAINT

8