Sean Reis (SBN 184004)
sreis@edelson.com
EDELSON MCGUIRE, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124
Facsimile: (949) 459-2123

Michael J. McMorrow (*Pro Hac Vice*)
mjmcmorrow@edelson.com
Ryan D. Andrews (*Pro Hac Vice*)
randrews@edelson.com
John C. Ochoa (*Pro Hac Vice*)
jochoa@edelson.com
EDELSON MCGUIRE LLC
350 N. LaSalle Street, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

*Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA LEE, individually and on behalf of a class of similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> STONEBRIDGE LIFE INSURANCE COMPANY, a Vermont corporation and TRIFECTA MARKETING GROUP LLC, a Florida limited liability company, <br><br> Defendants. | Case No. 3:11-cv-00043-RS <br><br> **AMENDED CLASS ACTION COMPLAINT FOR:** <br><br> **VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227.** <br><br> DEMAND FOR JURY TRIAL |

**AMENDED CLASS ACTION COMPLAINT**
1

**AMENDED CLASS ACTION COMPLAINT**

Plaintiff Jessica Lee ("Plaintiff" or "Lee") brings this Amended Class Action Complaint against Stonebridge Life Insurance Company ("Stonebridge") and Trifecta Marketing Group LLC ("Trifecta") (collectively, "Defendants") to stop Defendants' practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by their conduct. Plaintiff, for her Amended Class Action Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**NATURE OF THE CASE**

1. Wireless spam is a growing problem in the United States. According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds—from coupons to phishing schemes—sent directly to user's cell phones." In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone." Amanda Lenhart, *Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens*, Pew Research Center (2010) at http://pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx.

2. In a recent effort to promote the sale of Stonebridge's insurance products, Stonebridge, a nationwide provider of life insurance and related insurance products, engaged Trifecta, a telemarketing company, to conduct an especially pernicious form of marketing: the transmission of unauthorized advertisements in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

3. By effectuating these unauthorized text message calls (hereinafter, "wireless spam"), Defendants have caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

4. In order to redress these injuries, Plaintiff, on behalf of herself and a nationwide class of similarly situated individuals, brings this suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), which prohibits unsolicited voice and text calls to cell phones.

5. On behalf of the class, Plaintiff seeks an injunction requiring Defendants to cease all wireless spam activities directed to her and the proposed class as well as an award of actual and statutory damages to the class members, together with costs and reasonable attorneys' fees.

## PARTIES

6. Plaintiff Lee is a citizen of the State of Virginia.

7. Defendant Stonebridge Life Insurance Company is an insurance company organized and existing under the laws of the State of Vermont and maintains its principal place of business in the State of Iowa. It does business throughout the United States, including in the State of California where it is registered and this Judicial District.

8. Defendant Trifecta Marketing Group LLC is a telemarketing company organized and existing under the laws of the State of Florida, and maintains its principal place of business in California. It does business throughout the United States, including in the State of California and this Judicial District.

## JURISDICTION AND VENUE

9. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 (d) because: (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

10. Venue is proper in the Northern District of California under 28 U.S.C. § 1391(b) because the text message calls at issue were transmitted nationwide from a telephone number located in this District, and because both Defendants are residents of this District for purposes of §1391(c).

11. This Court has personal jurisdiction over the Defendants under Cal. Code Civ.

Proc. § 410.10 because both Defendants do business in this District and because certain of the acts alleged herein were committed in California (and, specifically, the Northern District of California).

**INTRADISTRICT ASSIGNMENT**

12. Some or all of the text message calls at issue were transmitted nationwide from telephone numbers located in this District, including 650-283-0793 which contains an area code encompassing San Mateo and northern Santa Clara counties. Under Local Rule 3-2(c), this civil action should be assigned to either the San Jose division or San Francisco division of the Northern District of California.

**CONDUCT COMPLAINED OF**

13. In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

14. One of the newest types of such bulk marketing is to advertise through Short Message Services, commonly known as text messages. The term "Short Message Service," "SMS," or "text message" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and/or receive short text messages, usually limited to 160 characters.

15. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

16. Unlike more conventional advertisements, SMS message calls, and particularly wireless spam, can actually cost their recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

17. On or about August 18, 2010, Defendant Stonebridge entered into an agreement with Defendant Trifecta entitled the Call Back Agreement ("Call Back Agreement") for the purpose of marketing Stonebridge's insurance-related products and services.

18. As part of the Call Back Agreement, Defendants agreed to give Defendant Trifecta authority to perform "marketing" services for Defendant Stonebridge's "insurance" and "sweepstakes" products. Such marketing services included Defendant Trifecta offering Defendant Stonebridge's products during inbound calls received by Trifecta's "call center locations" as well as outbound calls, or so-called "call-backs," Trifecta placed to potential customers.

19. In order to generate inbound calls to Defendant Trifecta's call centers, Defendants caused mass transmissions of wireless spam to be sent to the cell phones of what Defendants hoped were potential customers of Stonebridge's products.

20. Indeed, Defendants designed the transmission of such wireless spam to maximize the number of inbound calls placed to Defendant Trifecta's call centers by recipients of such wireless spam so that Defendant Stonebridge's insurance products could be offered for sale to the largest number of potential Stonebridge customers.

21. For instance, on or about November 28, 2010, Plaintiff's cell phone rang, indicating that a text call was being received.

22. The "from" field of the transmission was identified as "650-283-0793," which is a dedicated telephone number operated by Defendants' agents that transmits text messages *en masse* through devices known as modem banks and/or carrier gateways. The body of the text message read:

> THANKS 4 VISITING OUR WEBSITE PLEASE
> CALL 877-711-5429 TO CLAIM YOUR $100
> WALMART GIFT CARD VOUCHER!
> REPLY STOP 2 UNSUB

23. As with other forms of advertising, marketers control the content that appears in the body of an SMS message in order to maximize the effectiveness of the advertisement.

1   In certain cases, marketers employ misleading or deceptive content in the body of the
2   message in order to increase the likelihood that the recipient will respond to the message.
3       24.     In the instant matter, Defendants and/or their agents reference the name of
4   Walmart,[1] a well-known and prevalent company, in the body of the text message and promise
5   a $100 gift card in order to induce a response from recipients.
6       25.     The toll-free telephone number contained in the above text message was
7   operated by Defendant Trifecta's call centers for the purpose of selling Defendant
8   Stonebridge's life insurance products to recipients of such text message.
9       26.     Defendants' and/or their agents' use of dedicated telephone numbers enabled
10  Defendants' mass transmission of wireless spam to a list of cellular telephone numbers,
11  including that belonging to Plaintiff and the proposed Class.
12      27.     At no time did Plaintiff consent to the receipt of the above-referenced text
13  message or any other such wireless spam text message from Defendants.

**CLASS ALLEGATIONS**

15      28.     Plaintiff brings this action on behalf of herself and a class (the "Class")
16  defined as follows:  All persons in the United States and its territories who received one or
17  more unauthorized text message advertisements on behalf of Stonebridge.
18      29.     Upon information and belief, there are over 5,000 members of the Class such
19  that joinder of all members is impracticable.
20      30.     Common questions of law and fact exist as to all members of the Class and
21  such questions predominate over questions affecting Plaintiff or individual members.
22  Common questions for the Class include:
23          (a)     Does the wireless spam Defendants distributed violate the TCPA?
24          (b)     Are the Class members entitled to treble damages based on the
25                  willfulness of Defendants' conduct?

---

[1] Walmart is a registered trademark of Walmart Stores, Inc.  Plaintiff's investigation to date has not revealed any involvement by Walmart Stores, Inc. in the scheme described herein.

**AMENDED CLASS ACTION COMPLAINT**

31. Plaintiff will fairly and adequately protect the interests of the Class, her claims are typical of the claims of the members of the Class, and she has retained counsel competent and experienced in similar class action litigation.

32. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the Class is impracticable, and (b) many members of the Class cannot vindicate their rights by individual lawsuits because their damages are small relative to the burden and expense of litigating individual actions.

## COUNT I

**(Violation of the TCPA, 47 U.S.C. § 227: On behalf of the Class)**

33. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

34. Defendants and their agents made unsolicited commercial text calls to the wireless telephone numbers of Plaintiff and the other members of the Class using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

35. These text calls were made *en masse* through the use of a dedicated telephone number without the prior express consent of Plaintiff and the Class.

36. Defendants have, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' illegal conduct, the members of the Class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each such violation of the TCPA.

37. Defendants' misconduct was willful and knowing, and the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and members of the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jessica Lee, on behalf of herself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;

2. An injunction requiring Defendants to cease all wireless spam activities;

3. An award of actual and statutory damages;

4. An award of reasonable attorneys' fees and costs; and

5. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

July 28, 2011

**JESSICA LEE**, individually and on behalf of a class of similarly situated individuals

By: /s/ John C. Ochoa
    One of Plaintiff's attorneys

Sean Reis (SBN 184004)
sreis@edelson.com
EDELSON MCGUIRE, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124
Facsimile: (949) 459-2123

Michael J. McMorrow (*Pro Hac Vice*)
mjmcmorrow@edelson.com
Ryan D. Andrews (*Pro Hac Vice*)
randrews@edelson.com
John C. Ochoa (*Pro Hac Vice*)
jochoa@edelson.com
EDELSON MCGUIRE LLC
350 N. LaSalle Street, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

**AMENDED CLASS ACTION COMPLAINT**
8