United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JESSICA LEE, individually and on behalf of a class of similarly situated individuals,

Plaintiff,

v.

STONEBRIDGE LIFE INSURANCE COMPANY, et al.,

Defendants.

____________________________________/

No. C 11-0043 RS

**ORDER RE MOTION TO EXTEND EXPERT DISCOVERY**

In this putative class action, plaintiff alleges that defendants violated the Telephone Consumer Protection Act, 42 U.S.C. §§ 227 *et seq.* by sending unsolicited text messages to consumers' cell phones. Deadlines set in the Case Management Order related to the process for seeking class certification have been extended on two prior occasions at plaintiff's request.[1] Under the now-operative deadlines, pre-certification expert discovery was to have been completed by August 16, 2012. No specific time for expert disclosures was set, however.

---

[1] In neither instance did defendants oppose extending the deadlines, although on the second occasion they proposed an alternate briefing schedule, which was adopted. Defendants' acquiescence in prior continuances does not undermine their argument that further extensions are unwarranted, particularly since parties should not be penalized for efforts to make reasonable accommodations. Nevertheless, this is not a situation where a party has repeatedly requested extensions that plainly burdened the other side.

United States District Court
For the Northern District of California

On August 29, 2012, shortly before filing her motion for class certification, plaintiff notified defendants for the first time that she had retained Randall Snyder as an expert witness, and intended to submit a declaration from him in support of the motion. Plaintiff now seeks an order "extending" the deadline for expert discovery in connection with class certification to October 18, 2012. Plaintiff argues that any prejudice to defendants arising from the timing of her disclosure of Snyder can be cured by reopening expert discovery in such a fashion, and by permitting defendants to retain and disclose a rebuttal expert if they so wish. Plaintiff further states a willingness to continue the hearing on the class certification motion if necessary.

Plaintiff's explanations as to why she did not perceive a need to utilize Snyder as an expert witness in time to comply with the existing schedule are extremely weak. Nevertheless, the touchstone is whether there would be any undue prejudice to defendants. Snyder's proffered declaration provides general background regarding the technology of sending text messages, and, based on his review of certain records, states an opinion that the text messages in issue were disseminated by an "automated telephone dialing system," using a random or sequential number generator.[2] Snyder reaches that conclusion in light of the number, timing, and patterns of calls made over the course of a relatively short time period.

Efforts that defendants would have made had Snyder been disclosed earlier, and that they can still make, to rebut his factual assertions and conclusions do not constitute "prejudice." In other words, the mere fact that defendants may wish to take Snyder's deposition, and that doing so will be an expense, is not a basis to deny relief, given that there is still adequate time for such a deposition to take place. Similarly, the cost of obtaining any rebuttal expert is not prejudice, as the same expense would have been incurred had Snyder been timely disclosed. Defendants argue, however, that had they known that plaintiff would present Snyder's declaration, they would have conducted

---

[2] Some of Snyder's statements are phrased as legal conclusions to the effect that a violation of the statute occurred. Such conclusions will be disregarded. Similarly, while Snyder states that the conduct described was undertaken by "defendants," his declaration lacks foundation to establish that defendants are factually or legally responsible for sending the messages, a matter which plaintiff will have to establish through other evidence and arguments.

additional third-party discovery regarding the particular equipment used to send the text messages in this case, and that they cannot do so now without resulting in undue delay.

If there is a basis to contend that the text messages conceivably could have been sent from a system that does qualify as an "automatic telephone dialing system," notwithstanding the number, timing, and pattern of calls, defendants can present such facts and arguments without conducting third-party discovery. In that event, any uncertainty as to whether an "automatic telephone dialing system" was actually employed will be appropriately weighed against plaintiff.

Accordingly, relief from the deadlines set in the scheduling order will be granted to the following extent:

1. Snyder's declaration in support of the class certification motion will be allowed.

2. Defendants may submit an expert declaration or declarations with their opposition to class certification to rebut any of the factual assertions made by Snyder, or his conclusion that the text messages in issue were disseminated by an automated telephone dialing system, using a random or sequential number generator.

3. In the event defendants in good faith believe that deposing Snyder is reasonably necessary to prepare their opposition to class certification, they may notice his deposition forthwith, and plaintiff shall produce him to be deposed as promptly as practicable.

IT IS SO ORDERED.

Dated: 9/5/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE