IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JESSICA LEE, individually and on behalf of a class of similarly situated individuals,

    Plaintiff,

  v.

STONEBRIDGE LIFE INSURANCE COMPANY, et al.,

    Defendants.

No. C 11-0043 RS

**ORDER RE CLASS NOTICE**

    Plaintiff has brought a motion seeking to resolve disputes between the parties regarding the form of notices to be provided to the class in this matter. In the course of briefing, the parties have reached agreement on some matters, and plaintiff has incorporated some of the changes defendant Stonebridge sought into new proposed forms of notice. Plaintiff has also committed to meeting and conferring with Stonebridge regarding the content of the website and information to be provided through the toll-free telephone number, and is hereby ordered to do so.

    The parties continue to disagree whether it is appropriate to use the term "spam" in the notices to describe the text messages at issue. Because the term "unsolicited" is easily understood and less potentially prejudicial, the notices shall employ it in lieu of the term "spam."

    While Stonebridge may be correct that it generally is appropriate to use only the class definition in banners and notice headlines, in this instance plaintiff's proposal to reference the "$100

wal-mart gift cards" is justified. Although the class is defined more broadly, which may have any number of legal consequences, there is no prejudice to defendants arising from plaintiff's proposal, and it is more likely to provide meaningful notice to any class members who did receive text messages regarding such gift cards.

Stonebridge has the better argument, however, that using its name in the website domain name and elsewhere to describe this litigation is inappropriate. Not only is Stonebridge not the sole defendant, its name did not appear in the alleged text messages. Accordingly, some form of phrase "Lee Text Message" or "Lee Unsolicited Text Message" should be used for the domain name, to identify the administrator, and wherever else appropriate, in lieu of "Stonebridge Text Message" or "Stonebridge Spam."

Although the remaining changes sought by Stonebridge are in themselves not objectionable, it has not shown that they represent a meaningful improvement over plaintiff's proposal. Accordingly, with the additional changes required by this order, plaintiff's proposed forms of notice are approved.

IT IS SO ORDERED.

Dated: 5/22/13

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

2