IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA LEE, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>STONEBRIDGE LIFE INSURANCE COMPANY; TRIFECTA MARKETING GROUP, LLC,<br><br>Defendants. | Case No.: 11-cv-43 RS (JSC)<br><br>**ORDER RE: JOINT DISCOVERY DISPUTE STATEMENT (Dkt. No. 114)** |

Now pending before the Court is a Joint Discovery Dispute Statement whereby Plaintiff seeks to compel further responses from Defendant Stonebridge Life Insurance Company ("Stonebridge") to various Requests for the Production of Documents ("RFP"). (Dkt. No. 114.) Having considered the parties' submissions and having had the benefit of oral argument on July 18, 2013, the Court issued the following rulings as stated on the record at oral argument.

**DISCUSSION**

In the underlying discovery dispute, Plaintiff seeks to compel further responses to document requests relating to Stonebridge's knowledge of Trifecta Marketing Group, LLC's

("Trifecta") use of text message marketing and the scope of the agency relationship between Stonebridge and Trifecta. In light of the Federal Communication Commission's recent decision regarding vicarious liability under the Telephone Consumer Protection Act of 1991 ("TCPA"), the Court overrules Stonebridge's relevance objection to certain discovery requests as set forth below. *See In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois. N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules*, 2013 WL 1934349, at *9, 28 F.C.C.R. 6574, 6584 (May 9, 2013) (concluding that under a vicarious liability theory "a seller may be liable for violations by its representatives under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification").

### 1. Plaintiff's Second Set of RFP, Nos. 2 & 3

Stonebridge shall produce documents regarding past marketing campaigns that Stonebridge employees, who participated in the allegations underlying this case, participated in with Trifecta. The parties shall meet and confer to define the parameters of the responsive documents to exclude documents regarding customer information and other irrelevant materials.

### 2. Plaintiff's Second Set of RFP, Nos. 8 & 9

Plaintiff seeks Stonebridge's recordings of any inbound calls relating to Trifecta's telemarketing campaigns for Stonebridge and its affiliates. Stonebridge has agreed to produce 10 recordings of class member calls. If Plaintiff still seeks additional recordings following receipt of the 10 recordings, Plaintiff may visit Stonebridge's counsel's office and listen to the remaining recordings. If following this review of some or all of the additional recordings, Plaintiff still seeks copies of the recordings the parties may file a joint statement wherein Plaintiff shall state with particularity why she seeks the recordings, what the recordings show, and how they are relevant to the claims or defenses at issue.

### 3. Plaintiff's Third Set of RFP, No. 2

Stonebridge shall produce documents related to the Call-back and Benefits Agreements as well as any communications between Stonebridge employees referring to SMS or text messaging relating to Trifecta.

### 4. Plaintiff's Third Set of RFP, Nos. 3-7

Plaintiff seeks communications between any Stonebridge employee and a specific list of Trifecta employees. Stonebridge's sole objection at the hearing was to relevance, which the Court previously overruled.  Stonebridge shall therefore produce responsive documents.

## CONCLUSION

Based on the foregoing, Plaintiff's motion to compel is GRANTED in part as set forth above and stated at oral argument.  For all further discovery disputes, the parties shall meet and in confer **in person** prior to filing the discovery dispute with the Court.  The meet and confer shall take place at the office of the party seeking to compel further discovery unless the parties agree otherwise.  Further, the parties are ordered to appear in person for all future hearings regarding discovery disputes, should a hearing be required.

**IT IS SO ORDERED.**

Dated: July 19, 2013

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE