IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA LEE, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>STONEBRIDGE LIFE INSURANCE COMPANY; TRIFECTA MARKETING GROUP, LLC,<br><br>Defendants. | Case No.: 11-cv-43 RS (JSC)<br><br>**ORDER RE: JOINT DISCOVERY DISPUTE STATEMENT (Dkt. No. 122)** |

Now pending before the Court is a Joint Discovery Dispute Statement whereby Defendant Stonebridge Life Insurance Company ("Stonebridge") seeks to compel Plaintiff to produce her personal computer and cellular phone for forensic imaging and inspection. (Dkt. No. 122.) Having considered the parties' submissions, the Court concludes that oral argument is not necessary, *see* Civil L.R. 7-1, and DENIES Defendant's motion to compel.

## DISCUSSION

Stonebridge asks that the Court compel Plaintiff to produce her personal computer and cellular telephone phone ("iPhone") for forensic imaging and inspection pursuant to Federal Rules of Civil Procedure 34 and 37. Stonebridge seeks to discover evidence regarding: 1) the

text message at issue in this case, including the alleged sender of the message, and 2) whether Plaintiff consented to receiving the text message at issue. Stonebridge contends that for purposes of establishing its affirmative defense of consent it is entitled to discover the identity of any websites where Plaintiff "opted-in" and/or provided her cell phone number. Plaintiff objects to this discovery on multiple grounds, including that she has offered to search for and provide Stonebridge with whatever information it seeks off of Plaintiff's computer and iPhone at Plaintiff's expense.

Federal Rule of Civil Procedure 34 permits a party to seek "to inspect, copy, test, or sample," among other things, "data or data compilations ... stored in any medium ...." However, the Advisory Committee noted that Rule 34 "is not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances." Federal Rule of Civil Procedure 26 likewise limits the scope of discovery, specifically stating that a party "need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." Fed.R.Civ.P. 26(b)(2)(B). If a party demonstrates that the information is not reasonably accessible because of undue burden or cost, "the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C)." *Id*. Because personal computers contain highly personal and sensitive material courts generally require a heightened showing of good cause. *See Memry Corp. v. Kentucky Oil Tech., N.V.*, No. 04-03843, 2007 WL 832937, at *3 (N.D. Cal. Mar. 19, 2007) (collecting cases which presented "extreme situations" justifying mirror imaging of a party opponent's computer); *Advante Int'l Corp. v. Mintel Learning Tech.*, No. 05-01022, 2006 WL 3371576, at *1 (N.D. Cal. Nov. 21, 2006) (granting request for forensic inspection following a showing that "serious questions exist both as to the reliability and the completeness of materials produced in discovery").

Here, Stonebridge has failed to demonstrate sufficient good cause to warrant the extreme step of allowing it to conduct a forensic inspection of Plaintiff's iPhone and personal computer. With respect to Plaintiff's iPhone, there is no dispute that this is not the phone on

which Plaintiff received the at issue text message.  Thus, the Court does not discern any relevance in forensic imaging of Plaintiff's current iPhone.  Moreover, Plaintiff's expert has stated that a back-up of her prior iPhone exists on her personal computer further undermining any claim that review of her current iPhone is warranted.

Turning to Plaintiff's personal computer, Stonebridge has failed to meet its burden of demonstrating that the information sought is not reasonably accessible through other sources.  First, it is unclear whether Stonebridge has even attempted to obtain information regarding the text message from the entity that allegedly sent it – co-defendant Trifecta.  While Stonebridge is correct that Plaintiff cannot self-select the sources of discovery, such process is not what Plaintiff proposes here as, as is explained below, she has offered to search for whatever information Stonebridge seeks.  Nor does Stonebridge's argument take into account Rule 26(b)(2)(C)'s limitation on unduly burdensome discovery and discovery that can be "obtained from some other source that is more convenient, less burdensome, or less expensive."

Second, Plaintiff has offered to search for and provide Stonebridge with the information it seeks off her computer, and in fact, Plaintiff has provided Stonebridge with considerable data.  To date, Plaintiff has provided information regarding 1) the "over 2,500 websites Defendant suggested," 2) incidents wherein Plaintiff entered her cellular telephone number on a website, and 3) the text message at issue. (Dkt. No. 122, p.5.)  Rather than identify some specific evidence that is missing, Stonebridge suggests that it cannot tell what, if anything, is missing without first looking at the computer.  Stonebridge essentially requests that the Court condone a fishing expedition of Plaintiff's personal computer: "Stonebridge does have some information based on third party discovery and its expert will use this information, but the inspecting expert must have *flexibility* to follow other leads in looking for evidence." (Dkt. No. 122, p. 3 (emphasis added).)   In the next sentence, Stonebridge suggests that it would be "arbitrary" to confine its expert to an "incomplete list of search terms." (*Id.*)  Yet this is how discovery of electronically stored information is routinely performed.

3

Stonebridge's citation of *Thielen v. Buongiorno USA, Inc.*, 2007 WL 465680 (W.D. Mich. 2007), is unpersuasive. There the defendant contended that the plaintiff could have received the text message at issue only if the plaintiff had sent his cell phone number to the defendant or via a website. The defendant sought to examine the computer to determine the plaintiff's knowledge of the defendant and its services. *Id.* at 1. The court restricted the defendant's forensic examination to evidence that during a five-day period the plaintiff accessed the defendant's website or a website advertising the defendant's products. *Id.* at *3. Stonebridge does not seek such a limited search here; instead, it seeks to allow its expert to search for "evidence of the text message" and "consent" to receiving the test message, without explaining what such evidence would involve.

Accordingly, absent a showing of misconduct on Plaintiff's part such that serious questions exist as to the reliability and the completeness of Plaintiff's expert's search, Stonebridge is not entitled to a forensic examination of Plaintiff's personal computer. *See Advante Int'l Corp. v. Mintel Learning Tech.*, No. 05-01022, 2006 WL 1806151, at *1 (N.D. Cal. June 29, 2006) (requiring the requesting party to "present[] specific, concrete evidence of concealment or destruction of evidence sufficient to conclude that a forensic examination… [was] warranted"). The parties shall meet and confer to discuss a list of search terms and other protocols for Plaintiff's expert to use in searching her personal computer, including the back-up of the iPhone which received the message at issue. To the extent that Stonebridge has questions regarding "what sources of information and data is recoverable on Plaintiff's computer," then the parties should meet and confer, with their experts present if necessary, to review these questions and develop a search protocol. Plaintiff, for her part, is encouraged to provide the utmost transparency in this process and inform Stonebridge as to whether her expert searched for messages beyond the text message at issue here, the timeframe of the back-up files searched, and provide an explanation as to why the search results provided information as to only a single website visited before October 2012. *See, e.g., Apple, Inc. v. Samsung Electronics Co. Ltd.*, No. 12-CV-0630, 2013 WL 1942163, at *3 (N.D. Cal. May 9, 2013) (discussing the principles of cooperative, collaborative, and transparent discovery

whereby the parties work collaboratively to ensure meaningful, cost-effective discovery). Following such meet and confer, and perhaps even the deposition of Plaintiff's expert, Stonebridge may be able to show good cause for a limited forensic examination. But it has not shown good cause for the fishing expedition it currently seeks.

This Order disposes of Docket No. 122.

**IT IS SO ORDERED.**

Dated: July 30, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE