Exhibit 1

# CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release ("Agreement" or "Settlement" or "Settlement Agreement") is entered into by and among plaintiff Jessica Lee ("Plaintiff"), on behalf of herself and the Class certified in the Court's February 12, 2013 Order (ECF No. 97), and defendants Stonebridge Life Insurance Company ("Stonebridge") and Trifecta Marketing Group, LLC ("Trifecta") (together, the "Parties"). (Except as otherwise specified, capitalized terms shall have the meanings set forth in the Definitions section of this Settlement.) Subject to Court approval, this Settlement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle all the claims specified below, subject to the terms and conditions herein.

## RECITALS

**A.** WHEREAS, on January 4, 2011, Plaintiff brought a putative class action against Stonebridge in the United States District Court for the Northern District of California ("Court"), which was designated case number 11-cv-00043 RS. On July 28, 2011, Plaintiff filed her Amended Complaint adding Trifecta as a Defendant. Both the initial Complaint and Amended Complaint alleged that Stonebridge and Trifecta violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") by causing the transmission of unsolicited text messages to consumers. In the Action, Plaintiff sought statutory monetary damages and an injunction, amongst other relief.

**B.** WHEREAS, Stonebridge answered the Amended Complaint on September 26, 2011, denying the material allegations of the Amended Complaint and setting forth seventeen affirmative defenses.

**C.** WHEREAS, Trifecta answered the Amended Complaint on December 12, 2011, denying the material allegations of the Amended Complaint and setting forth seven affirmative defenses.

**D.** WHEREAS, on February 12, 2013, the Court granted Plaintiff's Motion for Class Certification, certifying a class pursuant to Fed. R. Civ. P 23(b)(3) of "All individuals that received a text message from telephone number "650-283-0793" from November 28, 2010 through December 2, 2010." (ECF. No. 97.)

**E.** WHEREAS, at the time this Agreement was reached, the Parties had substantially completed fact and expert discovery into class certification and merits issues, which included numerous sets of written discovery, the production of thousands of pages of documents, several fact and expert depositions, and the resolution or discussion of contested discovery disputes.

**F.** WHEREAS, on June 21, 2013, the Parties attempted to resolve this dispute through mediation with the Honorable Rebecca Westerfield at JAMS in San Francisco. The Action did not settle at mediation, and the Parties returned to litigation.

**G.**     WHEREAS, after the June 21, 2013 mediation, Trifecta and Plaintiff reached an agreement to settle the claims of Plaintiff and the Class against Trifecta. That proposed settlement was submitted to the Court for preliminary approval on October 23, 2013.  (ECF Nos. 142; 142-1.)  After reaching an agreement in principle as to the terms of this Settlement Agreement, Plaintiff withdrew her request for preliminary approval of that settlement.  (ECF Nos. 149.)

**H.**     WHEREAS, on November 7, 2013, Plaintiff and Stonebridge participated in a mediation in San Francisco with Judge Westerfield of JAMS.  Thereafter, Plaintiff and Stonebridge reached an agreement on the principle terms of a settlement that were later memorialized into this Agreement.

**I.**     WHEREAS, Trifecta denies any wrongdoing whatsoever, and it has denied and continues to deny that it committed, threatened, or attempted to commit, any of the wrongful acts or violations of law or duty that are alleged in the Action, and instead contends that it has acted properly.  In addition, Trifecta maintains that it believed that any text messages sent by it or for it at all times went to Persons who had provided their consent to receive text messages.  Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Trifecta has concluded that defense of the Action would be burdensome and expensive, and that it is desirable and beneficial to fully and finally settle and terminate the Action in the manner and upon the terms and conditions set forth in this Settlement.

**J.**     WHEREAS, Stonebridge denies any wrongdoing whatsoever, and it has denied and continues to deny that it committed, threatened, or attempted to commit, any of the wrongful acts or violations of law or duty that are alleged in the Action, and instead contends that it has acted properly.  In addition, Stonebridge maintains that it did not send any text messages, engage in any text message marketing campaigns, or authorize Trifecta to do so.  Further, Stonebridge also maintains that it has strong, meritorious defenses to the claims alleged in the Action and that it was prepared to vigorously defend all aspects of the Action, including decertification of the Class. (*See* ECF No. 144.)  Nonetheless, Stonebridge has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome litigation, and has determined that it is desirable and beneficial to fully and finally settle and terminate the Action in the manner and upon the terms and conditions set forth in this Settlement.

**K.**     WHEREAS, Plaintiff believes that the claims asserted in the Action against the Defendants have merit and that she would have ultimately been successful in maintaining certification of the class under Rule 23 and in prevailing on the merits at summary judgment or trial.  Nonetheless, Plaintiff and Class Counsel recognize and acknowledge that Stonebridge has raised factual and legal defenses in the Action that present a risk that Plaintiff may not prevail.  Plaintiff and Class Counsel also have taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulties and delays inherent in such litigation.  Therefore, Plaintiff believes that it is desirable that the Released Claims be fully and finally compromised, settled and resolved with prejudice, and barred pursuant to the terms set forth in this Agreement.  Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Class, and that it is in the best interests of the Class

to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

WHEREFORE, IT IS HEREBY STIPULATED AND AGREED by the Parties that the Action and the Released Claims of the Releasing Parties, as against all Released Parties, shall be finally and fully compromised, settled, and resolved on the terms and conditions set forth in this Settlement, as a good faith, fair, reasonable, and adequate settlement.

AGREEMENT

## 1. DEFINITIONS

In addition to the terms defined above, these terms are defined as follows for purposes of this Agreement:

**1.1** "Action" means *Lee v. Stonebridge Life Insurance Company and Trifecta Marketing Group, LLC*, Case No. 11-cv-00043 RS, pending in the United States District Court for the Northern District of California.

**1.2** "Approved Claim" means a Claim Form, submitted by a Class Member that (a) is timely and responsive to the directions on the Claim Form and the provisions of this Agreement; (b) is fully and truthfully completed and executed, with all of the information requested in the Claim Form by a Class Member; (c) is signed by the Class Member, physically or electronically, subject to the penalties of perjury; and (d) is verified by the Settlement Administrator pursuant to Section 5.2. Only one Approved Claim may be paid for each unique phone number appearing in the Class List. Only one Approved Claim will be paid per Class Member.

**1.3** "Claim Deadline" means the date by which a Claim Form must be postmarked or received to be considered timely and shall be set at a date no later than thirty (30) days after the Final Approval Hearing. The Claim Deadline shall be clearly set forth in the Preliminary Approval Order as well as in the Notice and the Claim Form.

**1.4** "Claim Form" means the document substantially in the form attached as Exhibit A, as approved by the Court. The Claim Form, to be completed by Class Members to file a claim for a payment pursuant to this Agreement, shall be available in electronic and paper format. The Claim Form will require each Class Member to include (1) the Class Member's name, (2) current address, (3) cellular telephone number that received a text message from 650-283-0793 from November 28, 2010, through December 2, 2010, (4) affirmation under penalty of perjury that the Class Member received such text message without prior express consent, (5) contact telephone number, (6) email contact; and (7) where applicable, the identification code included on the U.S. Mail or email notice.

**1.5** "Class" means "All individuals that received a text message from the telephone number '650-283-0793' from November 28, 2010 through December 2, 2010," as certified in the Court's February 12, 2013 Order. (ECF No. 97.)

**1.6** "Class Counsel" means Ryan D. Andrews and John C. Ochoa of Edelson P.C., including any successor entity.

**1.7** "Class Member" means a Person who falls within the definition of the Class as set forth above.

**1.8** "Complaint" means the putative class action pleading filed by Plaintiff on January 4, 2011, the amended pleading filed on July 28, 2011, and any subsequent amendment thereto.

**1.9** "Confidential Information" means all documents and things designated "Confidential" or that were produced by the Parties or third parties to the Parties, Class Counsel, Stonebridge's Counsel or Trifecta's Counsel during the course of and related to the Action, whether by formal or informal discovery.

**1.10** "Court" means the United States District Court for the Northern District of California, the Honorable Richard Seeborg presiding, or any judge who shall succeed him as judge in this Action.

**1.11** "Defendants" means Trifecta Marketing Group, LLC, a Florida limited liability company and Stonebridge Life Insurance Company, a Vermont corporation.

**1.12** The "Effective Date" of this Agreement means the first business day after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

**1.13** "Fee Award" means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel, which will be paid by Stonebridge in addition to any amounts paid to Class Members that submit Approved Claims and any Settlement Administration Expenses.

**1.14** "Final" means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving this Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award or incentive award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

**1.15** "Final Approval Hearing" means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the settlement.

**1.16** "Final Judgment" means the Final Judgment and Order to be entered by the Court approving the Agreement after the Final Approval Hearing.

**1.17** "Notice" means the notice of this proposed Settlement Agreement and Final Approval Hearing, which is to be sent to the Class substantially in the form and manner developed by the Settlement Administrator and approved by the Court in its May 22, 2013

Order (ECF No. 110), but that includes the terms of the Parties' settlement substantially in the manner set forth in this Agreement, is consistent with the requirements of due process, Rule 23, and is substantially in the form of Exhibits B, and C hereto.

**1.18** "Notice Date" means the date by which the Notice is complete, which shall be a date no later than thirty-five (35) days after entry of the Preliminary Approval Order.

**1.19** "Objection/Exclusion Deadline" means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Class Member must be made, which shall be designated as a date thirty-five (35) days after the Notice Date and fourteen (14) days after papers supporting the Fee Award are posted to the settlement website listed in Section 4.1(d), or such other date as ordered by the Court.

**1.20** "Person" means any individual, corporation, trust, partnership, limited liability company or other legal entity, and their respective predecessors, successors or assigns.

**1.21** "Plaintiff" means Jessica Lee, individually, and as representative of the certified Class.

**1.22** "Plaintiffs" means Jessica Lee and the Class Members who have not submitted a valid request for exclusion, collectively.

**1.23** "Preliminary Approval" means the Court's preliminary approval of the Settlement Agreement, and approval of the form and manner of the Notice.

**1.24** "Released Claims" means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the TCPA or other federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties, or any of them, arising out of the facts, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omissions or failures to act regarding the alleged sending of any text messages from 650-283-0793, including all claims that were brought or could have been brought in the Action relating to such text messages, belonging to any and all Releasing Parties.

**1.25** "Released Parties" means Defendants Trifecta and Stonebridge, as well as any and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, agents, associates, affiliates, divisions, holding companies, employers, employees, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, companies, firms, trusts, and corporations. This definition specifically excludes: (1) Persons other than any Released Party on whose behalf any text message was allegedly

transmitted by or for Trifecta; and (2) Persons other than any Released Party who allegedly received leads that were driven from a text message that paid or otherwise compensated Trifecta or its agents to drive such traffic.

**1.26** "Releasing Parties" means Plaintiffs or their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these Persons and entities, but specifically excludes Defendants.

**1.27** "Settlement Administration Expenses" means the expenses incurred in providing Notice, as described in Section 4.1 below.

**1.28** "Settlement Administrator" means Kurtzman Carson Consultants LLC ("KCC"), approved by the Court to oversee the distribution of the Notice, as well as conduct the processing of Approved Claims to the Class as set forth in this Agreement.

**1.29** "Stonebridge" means defendant Stonebridge Life Insurance Company, a Vermont Corporation.

**1.30** "Stonebridge's Counsel" means Tiffany Cheung of Morrison & Foerster LLP.

**1.31** "Trifecta's Counsel" means Alexander E. Sklavos of the Law Offices of Alexander E. Sklavos, PC.

**1.32** "Unknown Claims" means claims that could have been raised in the Action and that Plaintiffs, or any or all other Persons and entities whose claims are being released, or any of them, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. Upon the Effective Date, Plaintiffs and all other Persons and entities whose claims are being released shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, Plaintiffs and all other Persons and entities whose claims are being released, also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is

similar, comparable or equivalent to § 1542 of the California Civil Code. Plaintiffs acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever to settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this section. The Parties acknowledge that the foregoing waiver is a key element of the Settlement of which this release is a part.

## 2. SETTLEMENT RELIEF

### 2.1 Monetary Payments to Class Members

(a) Stonebridge shall pay each Class Member that submits an Approved Claim before the Claims Deadline one hundred fifty-five dollars ($155).

(b) Within sixty (60) days after the Effective Date has occurred, or such other date as the Court may set, Stonebridge shall pay each Class Member with an Approved Claim $155 by check via first-class mail, unless the Claim is challenged pursuant to Section 5.3 below.

(c) All $155 payments issued to Class Members via check will state on the face of the check that the check will expire and become null and void unless cashed within ninety (90) days after the date of issuance. To the extent that a check issued to a Class Member is not cashed within ninety (90) days after the date of issuance, the check will be void, and such funds from void checks shall revert to Stonebridge. The funds represented by uncashed checks shall not constitute abandoned or unclaimed property, and Stonebridge will be entitled to retain all such funds.

(d) All payments of Approved Claims by Stonebridge shall be made in addition to the payment of Settlement Administration Expenses, the Fee Award, and incentive award to the Class Representative. Stonebridge represents that it has the financial ability to make the payments required under the terms of this Agreement.

### 2.2 Trifecta's Injunctive Relief. Trifecta agrees that it shall consent to the entry of an injunction, to be included as part of the Final Judgment, requiring that the following be instituted on or before the Effective Date and to remain in effect for a period of four (4) years:

(a) Trifecta shall not make, or cooperate with others to make, SMS text calls to cellular phones unless each text-message recipient has given explicit prior express consent to receive such text messages (in a manner explained below);

(b) Trifecta shall require any contract it enters into for the purpose of obtaining consumer cell phone numbers to transmit text messages, to provide that Trifecta and each entity with whom it contracts to obtain consumer cell phone numbers shall keep documented proof of all prior express consent received from the owners of said cell phone numbers for a period of four (4) years after said consent is obtained;

(c) Trifecta shall require any contract it enters into for the purpose of obtaining consumer cell phone numbers to transmit text messages, to state that the requisite "prior express consent" must be obtained by written means, including electronic methods,

and require that if a cellular phone number is obtained on a website, that any authorization must include an affirmative action on the part of the consumer, such as checking a box or clicking on an "I Accept," "Submit," "Proceed," or similar button with disclosures informing that the affirmative action will result in receiving text messages, which are presented on the same page as the required affirmative action indicating consent, with the text of such disclosers placed within a reasonable distance (for example 200 pixels on a 100 PPI screen) from the telephone number field or submit button, and in text of sufficient size and contrast to be clearly legible.

     **2.3    Stonebridge's Prospective Relief.**  As a result of this lawsuit, Stonebridge has made changes to standard contracts with telemarketers.  Stonebridge will also include in its standard contracts with telemarketers that are executed within two (2) years after the Effective Date one of the following provisions:

        **(a)**    that Stonebridge will not approve any program in which its products are sold behind an offer in which the customer has called the telemarketer in response to a promotional text message; or

        **(b)**    that if marketing text messages are sent on Stonebridge's behalf, the telemarketer must (1) only send text messages to those who have given prior express consent to receive such text message; (2) keep documentation of all prior express consent received from the users of such cell phone numbers for a period of four (4) years after consent is obtained; and (3) if a cellular phone number is obtained on a website, any authorization must include an affirmative action on the part of the consumer, such as checking a box or clicking on an "I Accept," "Submit," "Proceed," or similar button with disclosures informing that the affirmative action will result in receiving text messages, which are presented on the same page as the required affirmative action indicating consent, with the text of such disclosure placed within a reasonable distance (for example, 200 pixels on a 100 PPI screen) from the telephone number field or submit button, and in text of sufficient size and contrast to be clearly legible.

If there are changes in the law related to the above practice changes that occur after the Effective Date, Stonebridge need only comply with the new law in effect and need not continue with the practice changes described in this section.

     **2.4    Costs.**  Trifecta will pay all costs associated with the implementation of the relief afforded pursuant to Section 2.2.  Stonebridge will pay the costs associated with the implementation of the relief afforded pursuant to Section 2.3.

**3.    RELEASE**

     **3.1**    The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims of the Releasing Parties, as against all Released Parties.

     **3.2**    Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

## 4.    NOTICE TO THE CLASS

**4.1**    Stonebridge has agreed to pay for the costs of all Settlement Administration Expenses (except for any items of the Settlement Administration Expenses and Notice that were completed by KCC prior to November 7, 2013 and are not used in providing the Notice described herein), which include Notice to the Class and will be disseminated as follows:

(a)    *Class List*.    The Parties agree that the documents produced in discovery by T-Mobile U.S.A. containing 59,568 cellular telephone numbers that were sent text messages from 650-283-0793 (the "Class List") identify those Persons comprising the Class that is covered by this Agreement.

(b)    *Direct Notice*.    The Settlement Administrator has used the list of 59,568 unique cell phone numbers of the Class Members obtained through discovery from cellular telephone carrier T-Mobile U.S.A. to perform a "reverse look-up" to determine U.S. mailing and email addresses associated with those cell phone numbers.    KCC has informed the Parties that the reverse look-up has yielded U.S. Mail and/or email addresses for approximately 95% of the Class. The Settlement Administrator or Stonebridge (with the assistance of the Settlement Administrator) shall send Notice substantially in the form attached as Exhibit B including an electronic link to the Claim Form, via email to all electronic mail addresses obtained from the "reverse look-up" process described above.    The Settlement Administrator or Stonebridge (with the assistance of the Settlement Administrator) shall send, via first-class mail postage pre-paid, a postcard notice, and an accompanying Claim Form with return postage pre-paid, substantially in the form attached as Exhibit A, to potential Class Members for whom physical addresses were identified.    All Claim Forms, whether physical or electronic, shall be received and processed by the Settlement Administrator.

(c)    *Press Release.*    Within thirty-five (35) days of the entry of the Preliminary Approval Order, the Settlement Administrator or Stonebridge shall distribute a press release summarizing the terms of the Agreement.

(d)    *Website Notice*. Within fourteen (14) days following the entry of the Preliminary Approval Order, Notice shall be provided on a website at www.LeeTextMsgCase.net, which shall be developed, hosted, and administered by the Settlement Administrator and shall include the ability to file a Claim Form on-line, provided that such Claim Form, if signed electronically, will be binding for purposes of the perjury laws and contain a statement to that effect.    The Notice posted on the Website shall be substantially in the form of Exhibit C hereto.

(e)    *CAFA Notice.*    Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, Defendants shall serve upon the appropriate government officials notice of the proposed settlement, which shall include (1) a copy of the most recent complaint and all materials filed with the complaint or notice of how to electronically access such materials; (2) notice of scheduled judicial hearings in the Action; (3) all proposed forms of Notice; and (4) a copy of this Agreement.    Defendants shall serve upon the above-referenced government officials all information required under CAFA.

**4.2**     The Notice shall advise the Class of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or its terms.  The Notice shall specify that any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making an objection files notice of an intention to do so and at the same time (a) files copies of such papers he or she proposes to be submitted at the Final Approval Hearing with the Clerk of the Court, (b) files any objection through the Court's CM/ECF system if the objection is from a Class Member represented by counsel, and (c) sends copies of such papers by mail, hand, or overnight delivery service to Class Counsel, Stonebridge's Counsel, and Trifecta's Counsel.

**4.3**     Any Class Member who intends to object to this Agreement must include in the written objection his/her/its name and address, include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on), state that he or she is a Class Member, provide the cellular phone number that received the text message from 650-283-0793, a signature, and provide a statement indicating whether the objector intends to appear at the Final Approval Hearing with or without counsel.  Any Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this section and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Agreement by appeal or other means and shall be deemed to have waived his, her, or its objections and be forever barred from making any such objections in the Action or any other action or proceeding.  To be valid, the objection must be filed with the Court and sent to Class Counsel, Stonebridge's Counsel, and Trifecta's Counsel on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.

**4.4**     A Class Member may request to be excluded from the Class by sending a written request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.  In order to exercise the right to be excluded, a Class Member must timely send a written request for exclusion to the Settlement Administrator providing his/her name and address, the cellular phone number that received the text message from 650-283-0793, a signature, the name and number of the case, and a statement that he/she/it wishes to be excluded from the Class for purposes of this Settlement.  A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Class and shall be bound as a Class Member by the Court's Order granting class certification and by this Agreement, if approved.  Any member of the Class who validly elects to be excluded from this Agreement shall not:  (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement.  The request for exclusion must be personally signed by the Person requesting exclusion.  So-called "mass" or "class" opt-outs shall not be allowed.

**5.    NOTICE AND SETTLEMENT ADMINISTRATION**

5.1     The Settlement Administrator shall process each Claim Form in a rational, responsive, cost-effective, and timely manner.  The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement.    The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices, and such records will be made available to Class Counsel and Stonebridge's Counsel upon request.  The Settlement Administrator shall also provide reports and other information to the Court as the Court may require.  Should the Court request, the Parties, in conjunction with the Settlement Administrator, shall submit a timely report to the Court summarizing the settlement administration work performed by Stonebridge or the Settlement Administrator, including a report regarding Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

(a)     Forward to Stonebridge's Counsel, with copies to Class Counsel, all original documents and other materials received in connection with the administration of the Settlement, and all copies thereof, within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed in accordance with the terms of this Agreement;

(b)     Receive requests to be excluded from the Class and other requests from Class Members and promptly provide each to Class Counsel and Stonebridge's Counsel copies upon receipt thereof.  If the Settlement Administrator receives any requests for exclusion or other requests from Class Members after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Stonebridge's Counsel.

(c)     Provide reports to Class Counsel and Stonebridge's Counsel as provided in the contract to be entered into by Stonebridge and the Settlement Administrator, including without limitation, reports regarding the number of Claim Forms received and the number thereof approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator;

(d)     Make available for inspection by Class Counsel and Stonebridge's Counsel the Claim Forms and any supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

5.2     The Settlement Administrator shall employ reasonable procedures to screen claims for abuse or fraud, including by cross-referencing the cellular telephone numbers provided on the Claim Form against the Class List, and shall reject a Claim Form where the cellular telephone number provided on the Claim Form does not appear on the Class List or where there is evidence of abuse or fraud.  The Settlement Administrator shall also reject a Claim Form that does not contain all requested information necessary to screen the claim for fraud or abuse, after giving the claimant a reasonable opportunity to provide any requested missing information.  For any Class Member who submits a Claim Form determined by the Settlement Administrator to be incomplete, the Settlement Administrator shall mail a notice directly to such Class Member notifying them of the missing information and providing them with an opportunity to cure (the "Cure Notice").  Class Members must cure incomplete claims within seven (7) days after receiving the Cure Notice, which in no event shall be more

than seven (7) days after the Claim Deadline. Each Class Member shall have only one opportunity to cure.

**5.3**    Both Stonebridge's Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by Class Members. The Settlement Administrator shall follow any agreed decisions of Stonebridge's Counsel and Class Counsel. To the extent Stonebridge's Counsel and Class Counsel are not able to agree on the disposition of a challenge, the Court shall retain jurisdiction to resolve any disputes concerning claims for which counsel cannot reach an agreement.

**5.4**    In the exercise of the duties outlined in this Agreement, both the Settlement Administrator and the Court shall have the right to reasonably request additional information from the Parties or any Class Member.

## 6.    TERMINATION OF SETTLEMENT

**6.1**    Subject to Section 9.2 below, Plaintiff, on behalf of the Class, Trifecta, or Stonebridge shall have the right to terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties to this Agreement within fourteen (14) days, of any of the following events:  (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment (as defined in Section 1.16) is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternative Judgment (as defined in Section 9.2 of this Agreement) is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

**6.2**    If, prior to the Final Approval Hearing, any Persons who would otherwise be Class Members have validly requested exclusion (as determined by Section 4.4) from the Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto, and the number of such Persons seeking exclusion exceeds two hundred (200), Stonebridge shall have, in its sole and absolute discretion, the option to terminate this Settlement Agreement. Stonebridge may terminate the Settlement Agreement by serving written notice of termination on the Court and Class Counsel by hand delivery or overnight courier within ten (10) business days after being informed in writing by the Settlement Administrator that there are two hundred (200) or more such valid requests for exclusion.

## 7.    PRELIMINARY APPROVAL ORDER AND FINAL JUDGMENT

**7.1**    Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement and for entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Notice substantially in the form attached hereto as Exhibits B and C hereto. Such Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the Final Judgment

and do not limit the rights of the Class.

**7.2**     At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing, to be held no earlier than ninety (90) days after the Notice described in Section 4.1(e) is provided or such other time as the Court shall set and approve the settlement of the Action as set forth herein.

**7.3**     After Notice is given, the Parties shall request and obtain from the Court a Final Judgment.  The Final Judgment will (among other things):

**(a)**     find that the Court has personal jurisdiction over all Class Members and that the Court has subject-matter jurisdiction to approve the Agreement, including all exhibits thereto;

**(b)**     approve the Settlement Agreement as fair, reasonable, and adequate as to, and in the best interests of, the Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and Releasing Parties;

**(c)**     find that the Notice implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances, (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing, (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and (4) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

**(d)**     find that the Class Representative and Class Counsel adequately represented the Class for purposes of entering into and implementing the Agreement;

**(e)**     dismiss the Action on the merits and with prejudice as to the Released Parties, without fees or costs to any Party except as provided in the Settlement Agreement and determined by the Court;

**(f)**     incorporate the Release set forth above, make the Release effective as of the Effective Date, and forever discharge the Released Parties as set forth herein;

**(g)**     permanently bar and enjoin all Class Members who have not been properly excluded from the Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on the Released Claims;

**(h)**     without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation,

enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

> **(i)** incorporate any other provisions, as the Court deems necessary and just.

## 8. CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD.

**8.1** Stonebridge agrees to pay Class Counsel's attorneys' fees and to reimburse expenses in the Action in the amount determined by the Court as the Fee Award after the petition from Class Counsel. Stonebridge agrees that it will not object to, or otherwise challenge directly or indirectly, Class Counsel's application to the Court for attorneys' fees and for reimbursement of costs and other expenses as long as Class Counsel's application does not exceed one million four hundred forty thousand dollars ($1,440,000). Class Counsel has, in turn, agreed not to seek more than this amount from the Court.

**8.2** Stonebridge shall pay the Fee Award within ten (10) business days after the Effective Date. Any payment of the Fee Award shall be paid via electronic transfer to an account designated by Class Counsel. Class Counsel agrees to provide to Stonebridge's Counsel all necessary information for electronic transfer to Stonebridge's Counsel at least seven (7) business days before the Fee Award is due. Class Counsel agrees that in no event shall Stonebridge pay or be obligated to pay in excess of one million four hundred forty thousand dollars ($1,440,000) for Class Counsel's attorneys' fees and expenses.

**8.3** Class Counsel shall petition the Court for, and Stonebridge shall not oppose, directly or indirectly, an incentive award in the amount of $10,000 for the Class Representative. If awarded by the Court, Stonebridge shall pay the Class Representative an incentive award in an amount up to ten thousand dollars ($10,000), in addition to any award to which she may be entitled under the Settlement Agreement. Any incentive award paid shall be in recognition of Plaintiff's time and effort serving as the Class Representative in this litigation and shall be in addition to any amounts paid to Class Members that submit Approved Claims, the Fee Award, and any Settlement Administration Expenses. Stonebridge shall pay said incentive award via check to the Class Representative, such check to be sent care of Class Counsel, within ten (10) business days after the Effective Date.

## 9. CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.

**9.1** The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

> **(a)** All of the Parties and their counsel have executed this Agreement;

> **(b)** The Court has entered Preliminary Approval;

> **(c)** The Court has entered an order finally approving the Agreement, following notice to the Class and a Final Approval Hearing, as provided in the Federal Rules

of Civil Procedure, and has entered the Final Judgment, or an order substantially consistent with this Agreement; and

(d) The Final Judgment has become Final, as defined above, or, in the event that the Court enters a final order in a form other than that provided above ("Alternate Judgment") and that has the consent of the Parties, such Alternate Judgment becomes final.

**9.2** If the Agreement does not become Final, or in the event that this Agreement is not approved by the Court, or, in the event that the Court enters an order and Final Judgment in a form other than that provided above ("Alternative Judgment"), or the settlement set forth in this Agreement is terminated or fails to become effective for the reasons set forth in Sections 6.1 or 6.2, then this Settlement Agreement shall be canceled and terminated unless Class Counsel, Stonebridge's Counsel, and Trifecta's Counsel mutually agree in writing to proceed with this Agreement. If any Party is in willful material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to the other parties. Notwithstanding anything herein, the Parties agree that the Court's decision as to the amount of the Fee Award to Class Counsel and incentive award to the Class Representative set forth in Sections 8.1, 8.2, and 8.3 above, regardless of the amount awarded, shall not prevent the Agreement from becoming effective, prevent Final Judgment from being entered, or provide any grounds for termination.

## 10. CONFIRMATORY DISCOVERY

**10.1** Trifecta shall, to the extent available, provide to Class Counsel reasonable additional discovery and information as is necessary to confirm the material representations concerning their lack of applicable insurance coverage and financial condition. Should the occasion arise, Plaintiff and Trifecta shall cooperate in seeking discovery from any third-party, that the Parties acknowledge are not under the control of Trifecta, as may be necessary and appropriate, and said additional discovery is to be completed prior to the Final Approval Hearing.

## 11. MISCELLANEOUS PROVISIONS

**11.1** Trifecta represents and warrants that it is financially unable to provide the monetary relief sought by Plaintiff in the Action on behalf of the Class.

**11.2** The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. Class Counsel, Stonebridge's Counsel, and Trifecta's Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**11.3**     The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by the Releasing Parties on the one hand, against the Released Parties on the other hand.  Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by Defendants, or each and any of them, in bad faith or without a reasonable basis.

**11.4**     The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released.  The Parties have read and understand fully the above and foregoing Agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**11.5**     Whether or not the Agreement becomes Final or is terminated, neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

**(a)**     is, may be deemed, or shall be used, offered, or received against the Released Parties, or each or any of them, as an admission, concession, or evidence of, the validity of any Released Claims, the truth of any fact alleged by Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the fee award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

**(b)**     is, may be deemed, or shall be used, offered, or received against Trifecta or Stonebridge as an admission, concession, or evidence of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

**(c)**     is, may be deemed, or shall be used, offered, or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault, or wrongdoing as against any Released Parties, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. However, the Settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. However, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

**(d)**     is, may be deemed, or shall be construed against Plaintiff, the Class or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

**(e)** is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff, the Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

**11.6** The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

**11.7** The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

**11.8** All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

**11.9** This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersedes all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

**11.10** Except as otherwise provided herein, each Party shall bear its own costs.

**11.11** Plaintiff represents and warrants that she has not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that she is fully entitled to release the same.

**11.12** Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto hereby warrants and represents that such Person has the full authority to do so and has the authority to take the appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

**11.13** The Parties, Class Counsel, Stonebridge's Counsel, and Trifecta's Counsel, on behalf of themselves and any expert witnesses and consultants retained by them, acknowledge that during the course of the Action they have received Confidential Information. No later than thirty (30) days after the Effective Date, they will destroy all Confidential Information and will certify that they and their expert witnesses and consultants do not retain any copies or summaries or compilations or indices of such information. The Parties, Class Counsel, Stonebridge's Counsel, and Trifecta's Counsel also will not use any of the Confidential Information learned or obtained in the Action against any other Party for any purpose after the Effective Date.

**11.14** The press release described in Section 4.1(c) or excerpts therefrom shall be the only method by which any Party or its counsel may describe or characterize this

settlement or its terms except to identify the settlement notice website or as otherwise required by this agreement or required by law. The Parties, Class Counsel, Stonebridge's Counsel, and Trifecta's Counsel shall decline to respond to media inquiries about this case and shall not make any postings online or in social media about this case, but nothing herein shall preclude Class Counsel from advising specific individual Class Members of their rights.

**11.15** This Agreement may be executed in one or more counterparts. Signature by digital, facsimile, or in PDF format will constitute sufficient execution of this Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**11.16** This Settlement Agreement shall be binding upon, and inure to the benefit of, the respective heirs, successors, and assigns of the Parties hereto and the Released Parties.

**11.17** The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

**11.18** The time periods and dates described in this Settlement Agreement with respect to the giving of notices and hearings are subject to Court approval and modification by the Court or by written stipulation of the Parties' counsel.

**11.19** This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of California.

**11.20** This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**11.21** Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel: Ryan D. Andrews, Edelson P.C., 350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654; Stonebridge Life Insurance Company, c/o General Counsel, 4333 Edgewood Road NE, Cedar Rapids, Iowa 52499; Tiffany Cheung, Morrison & Foerster LLP, 425 Market Street, San Francisco, California, 94105-2482, Alexander E. Sklavos, Law Offices of Alexander E. Sklavos, P.C., 375 North Broadway, Suite 208, Jericho, New York 11753.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK. SIGNATURE PAGE FOLLOWS]

**IT IS SO AGREED TO BY THE PARTIES**.

Dated: February 13, 2014          **PLAINTIFF JESSICA LEE**

By: _____
Jessica Lee
Individually and as representative of the Class

Dated: February __, 2014          **STONEBRIDGE LIFE INSURANCE COMPANY**

By: _____

Stonebridge Life Insurance Company's:

(title):_____

Dated: February __, 2014          **TRIFECTA MARKETING GROUP, LLC**

By: _____

Trifecta Marketing Group, LLC's:

(title):_____

**IT IS SO AGREED TO BY THE PARTIES.**

Dated: February __, 2014          **PLAINTIFF JESSICA LEE**

By: _____
Jessica Lee
Individually and as representative of the Class

Dated: February 19, 2014          **STONEBRIDGE LIFE INSURANCE COMPANY**

By: _Grin Salkowsk_

Stonebridge Life Insurance Company's:
(title): _Vice President_

Dated: February __, 2014          **TRIFECTA MARKETING GROUP, LLC**

By: _____

Trifecta Marketing Group, LLC's:
(title): _____

**IT IS SO AGREED TO BY THE PARTIES.**

Dated: February __, 2014

**PLAINTIFF JESSICA LEE**

By: _____
Jessica Lee
Individually and as representative of the Class

Dated: February __, 2014

**STONEBRIDGE LIFE INSURANCE COMPANY**

By: _____

Stonebridge Life Insurance Company's:

(title): _____

Dated: February __, 2014

**TRIFECTA MARKETING GROUP, LLC**

By: _____

Trifecta Marketing Group, LLC's:

(title): _____

**IT IS SO STIPULATED BY COUNSEL:**


Dated:  February 13 2014          EDELSON P.C.


By _____

Ryan D. Andrews
Attorneys for Plaintiff and the Class


Dated:  February __, 2014          MORRISON & FOERSTER LLP


By _____

Tiffany Cheung
Attorneys for Defendant Stonebridge Life
Insurance Company


Dated:  February __, 2014          LAW OFFICES OF ALEXANDER E.
SKLAVOS, PC


By _____

Alexander E. Sklavos
Attorneys for Trifecta Marketing Group, LLC

**IT IS SO STIPULATED BY COUNSEL:**


Dated: February __, 2014              EDELSON P.C.



By _____

Ryan D. Andrews
Attorneys for Plaintiff and the Class


Dated: February 19, 2014          MORRISON & FOERSTER LLP



By _____

Tiffany Cheung
Attorneys for Defendant Stonebridge Life
Insurance Company


Dated: February __, 2014              LAW OFFICES OF ALEXANDER E.
SKLAVOS, PC



By _____

Alexander E. Sklavos
Attorneys for Trifecta Marketing Group, LLC

**IT IS SO STIPULATED BY COUNSEL:**

Dated: February ___, 2014                EDELSON P.C.

By _____

Ryan D. Andrews
Attorneys for Plaintiff and the Class

Dated: February ___, 2014                MORRISON & FOERSTER LLP

By _____

Tiffany Cheung
Attorneys for Defendant Stonebridge Life
Insurance Company

Dated: February 19, 2014                LAW OFFICES OF ALEXANDER E.
                                        SKLAVOS, PC

By _____

Alexander E. Sklavos
Attorneys for Trifecta Marketing Group, LLC

# Exhibit A

<u>LEE TEXT MESSAGE SETTLEMENT CLAIM FORM</u>

THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [CLAIMS DEADLINE] AND MUST BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

Name (First, M.I., Last): _____    _____    _____

Street Address: _____

City: _____    State: ___ ___    Zip Code: ___ ___ ___ ___ ___

2010 Cell Phone Number that received the text message: ( ___ ___ ___ ) ___ ___ ___ − ___ ___ ___ ___

Email Address: _____

Contact Phone #: ( ___ ___ ___ ) ___ ___ ___ − ___ ___ ___ ___ (You may be contacted if further information is required.)

Your Personal Claim Number: _____

(If you received an email or postcard notice regarding this settlement, it will list your Personal Claim Number.)

<u>Class Member Verification</u>: By submitting this claim form and checking the boxes below, I declare that I believe I am a member of the Class and that the following statements are true (each box must be checked to receive a payment):

☐ I received a text message from phone number "650-283-0793" between November 28, 2010 and December 2, 2010 on the cell phone number provided above.

☐ Prior to receiving this text message, I did not provide anyone with express consent to send me this text message.

☐ Under penalty of perjury, all information provided in this Claim Form is true and correct to the best of my knowledge and belief.

Signature: _____    Date: ___ ___ / ___ ___ / ___ ___ ___

Print Name: _____

Your claim will be submitted to the Settlement Administrator for review. If your Claim Form is incomplete, untimely, or contains false information, it may be rejected by the Claims Administrator. If accepted, you will be mailed a check for $155 at the street address you provide. This process takes time, please be patient.

**Questions, visit www.LeeTextMsgCase.net or call [toll free number]**

_____

_____

_____

NO POSTAGE
NECESSARY
IF MAILED IN
THE UNITED
STATES

Lee Text Message Settlement Administrator
c/o KCC Class Action Services
PO Box 0000
Providence, RI 00000-0000


XXX

Exhibit B

LEGAL NOTICE

# IF YOU WERE SENT A TEXT MESSAGE FROM 650-283-0793 PROMOTING A $100 WALMART GIFT CARD, YOU COULD GET $155 FROM A CLASS ACTION SETTLEMENT.

*A Federal Court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

**1-800-000-0000**
**www.LeeTextMsgCase.net**

***Your Personal Claim Number is _____.***

Lee Text Message
Class Action Administrator
P.O. Box 0000
Providence, RI 00000-0000

First-Class
Mail
US Postage
Paid
Permit #__

Postal Service: Please do not mark barcode

XXX

XXX—1234567-8

First Last
C/O
Addr1  Addr2
City, St  ZipCode  Country

---

A settlement has been reached in a class action lawsuit claiming that Stonebridge Life Insurance Company authorized Trifecta Marketing Group LLC to send unsolicited text messages to generate leads for its life insurance products. Stonebridge and Trifecta deny the allegations. The settlement is not an admission of wrongdoing or an indication that any law was violated. The lawsuit is called *Lee v. Stonebridge Life Ins. Co. & Trifecta Marketing Group LLC*, No. 11-cv-0043 and is in the U.S. District Court for the Northern District of California.

**Am I Included?** Our records indicate you may be a "Class Member" in the settlement. The settlement includes a "Class" consisting of "All individuals that received a text message from telephone number 650-283-0793 from November 28, 2010 through December 2, 2010." The lawsuit alleges that one such text message stated "Thanks 4 visiting our website please call 877-711-5429 to claim your $100 walmart gift card voucher! reply stop 2 unsub." Other gift card amounts or toll-free numbers may have appeared in your text message.

**What Can I Get?** If the settlement is approved by the Court, eligible class members can receive a $155 payment. In addition, Defendants have agreed to take certain steps related to preventing the transmission of marketing text messages on their behalf without the prior express consent of the recipients.

**How Do I Get a Payment?** You must submit a timely and properly completed Claim Form signed under penalty of perjury **no later than {claim deadline}.** You may use the Claim Form attached to this Notice or submit one online at www.LeeTextMsgCase.net.

**What are My Options?** If you file a claim or do nothing, your rights will be affected. If you don't want to be legally bound by the settlement, you must exclude yourself by **Month 00, 2014.** Unless you exclude yourself from the settlement, you won't be able to sue or continue to sue Defendants in a separate lawsuit about the issues in this case. If you exclude yourself, you cannot get a settlement payment, but you will keep the right to sue Defendants over the legal issues in this case. If you stay in the settlement (i.e. don't exclude yourself), you may object to any of its terms. Your objection must be filed no later than **Month 00, 2014.**

**Who Represents Me?** The Court has appointed lawyers from Edelson PC to represent you as "Class Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your expense. Jessica Lee is a Class Member like you, and the Court appointed her as the "Class Representative."

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at _____ .m. on _____ at the Phillip Burton Federal Building & United States Courthouse, Courtroom 3, 450 Golden Gate Avenue, San Francisco, CA 94102. At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; and consider Class Counsel's request for attorneys' fees and expenses of up to $1,440,000 and for an incentive award of $10,000 to the Class Representative for her services in this case. The Court may award less than these amounts, but any award of fees will not change your settlement payment.

**Want More Information?** For a detailed notice or to see the settlement and other Court documents, go to www.LeeTextMsgCase.net, call 1-___-___-____, or call Class Counsel at 1-866-354-3015.

# Exhibit C

# If you were sent a text message from 650-283-0793 promoting a $100 Walmart gift card, a class action settlement may affect your rights.

*A Federal Court authorized this notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against Stonebridge Life Insurance Company ("Stonebridge") and Trifecta Marketing Group LLC ("Trifecta," and together, "Defendants"). The class action lawsuit is about whether Defendants sent or authorized the sending of unsolicited text messages to consumers offering free $100 Walmart gift card vouchers.

- The Court decided this lawsuit should be a class action and you are included if you received a text message from telephone number 650-283-0793 from November 28, 2010 through December 2, 2010.

- Those included in the Settlement will be eligible to receive a payment of $155. Defendants have also agreed to take certain steps related to preventing the transmission of marketing text messages on their behalf without the prior express consent of the recipients.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | **This is the only way to receive payment.** |
| DO NOTHING | You will receive no Settlement payment and will give up your rights to sue the Defendants about the issues in this case. |
| ASK TO BE EXCLUDED FROM THE SETTLEMENT | You will receive no payment, but you will keep any rights you have to separately sue Defendants about the same legal issues resolved by this Settlement. |
| OBJECT TO THE SETTLEMENT | Write to the Court explaining why you don't like the Settlement. |
| GO TO THE SETTLEMENT HEARING | Ask to speak in Court about the Settlement. |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

The Court in charge of this case still has to decide whether to approve the settlement. Payments will be provided only after any issues with the settlement are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ........................................................................................PAGE 3

    1.  Why was this Notice issued?
    2.  What is a class action and who is involved?

**THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT**........................................PAGE 3

    3.  What is this lawsuit about?
    4.  Why is there a Settlement?

**WHO IS INCLUDED IN THE SETTLEMENT**.........................................................PAGE 3-4

    5.  Am I part of the Settlement?
    6.  What did the text messages say and when were they sent?
    7.  How do I know if I received one of these text messages?
    8.  I'm still not sure if I am included.

**THE SETTLEMENT BENEFITS** ............................................................................PAGE 4

    9.  What does the Settlement provide?
    10.  When will I get my payment?

**HOW TO GET BENEFITS**...................................................................................PAGE 4

    11.  How do I get benefits?

**THE LAWYERS REPRESENTING YOU**................................................................PAGE 4-5

    12.  Do I have a lawyer in this case?
    13.  Should I get my own lawyer?
    14.  How will the lawyers be paid?

**YOUR RIGHTS AND OPTIONS**...........................................................................PAGE 5-6

    15.  What happens if I do nothing?
    16.  What happens if I ask to be excluded?
    17.  How do I ask to be excluded?
    18.  If I don't exclude myself, can I sue Defendants for the same thing later?
    19.  How do I object to the Settlement?
    20.  What's the difference between objecting to the Settlement and excluding myself?

**THE COURT'S FAIRNESS HEARING** ...................................................................PAGE 6

    21.  When and where will the Court decide whether to approve the Settlement?
    22.  Do I have to come to the hearing?
    23.  May I speak at the hearing?

**GETTING MORE INFORMATION**..........................................................................PAGE 6

    24.  How do I get more information?

# BASIC INFORMATION

### 1. Why was this Notice issued?

A Court authorized this Notice to let you know about a proposed Settlement with the Defendants. You have legal rights and options that you may act on before the Court decides whether to approve the proposed Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

Judge Richard Seeborg of the U.S. District Court for the Northern District of California is overseeing this class action. The case is known as *Lee v. Stonebridge Life Insurance Company & Trifecta Marketing Group LLC*, No. 11-cv-00043. The people who sued are called the Plaintiffs. The companies they sued, Stonebridge Life Insurance Company and Trifecta Marketing LLC, are called the Defendants.

### 2. What is a class action and who is involved?

In a class action, one or more people called "Class Representatives" (in this case, Jessica Lee) sue on behalf of a group of people who have similar claims. Together, these people are called a "Class" or "Class Members." In a class action, the court resolves the issues for all Class Members, except for those who exclude themselves from the Class. Before there was a Settlement, the Court decided that this lawsuit could be a class action.

# THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

### 3. What is this lawsuit about?

The lawsuit alleges that Stonebridge authorized Trifecta to send unsolicited text messages that stated "Thanks 4 visiting our website please call 877-711-5429 to claim your $100 walmart gift card voucher! reply stop 2 unsub." The lawsuit alleges that consumers who called the number in the text message would be offered Stonebridge life insurance products by Trifecta. The lawsuit alleges that Stonebridge and Trifecta violated the federal Telephone Consumer Protection Act because consumers did not agree to receive these text messages. Stonebridge and Trifecta deny the allegations and are entering into the settlement to avoid burdensome and costly litigation. The settlement is not an admission of wrongdoing.

More information about the complaints in the lawsuit and the Defendants' answers can be found in the "Court Documents" section of this website.

### 4. Why is there a Settlement?

The Court has not decided whether the Plaintiffs or the Defendants should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation now rather than, if at all, years from now. The Class Representative and her attorneys ("Class Counsel") believe that the settlement is in the best interests of the Class Members.

# WHO IS INCLUDED IN THE SETTLEMENT?

You need to determine whether you are affected by this Settlement.

### 5. Am I part of the Settlement?

The Court decided that this Settlement includes a Class of "All individuals that received a text message from telephone number 650-283-0793 from November 28, 2010 through December 2, 2010." Everyone who fits this description is a member of the Class.

### 6. What did the text messages say and when were they sent?

Approximately 60,000 cell phone numbers were sent a text message from 650-283-0793 between November 28, 2010 and December 2, 2010. The text message the Class Representative allegedly received stated:

"Thanks 4 visiting our website please call 877-711-5429 to claim your $100 walmart gift card voucher! reply stop 2 unsub."

Text messages may have varied by offering a different dollar amount for the gift card voucher or included a different toll-free number.

**7. How do I know if I received one of these text messages?**

**If you received a postcard or email about this class action, your cell phone number may be one of the numbers that may have been sent one of these text messages.** If you were sent one of these text messages, the 650-283-0793 number will appear on the cell phone that received the text message between November 28, 2010 and December 2, 2010. The 650-283-0793 number will also be listed as the "sender" in the billing detail section of your cell phone bill.

**8. I'm still not sure if I am included.**

If you are still not sure whether you are included, you can visit the website www.LeeTextMsgCase.net for more information. You can also get free help by calling the lawyers in this case at 1-866-354-3015.

## THE SETTLEMENT BENEFITS

**9. What does the Settlement provide?**

As part of the Settlement, Class Members who submit valid claim forms before the deadline of [claims deadline] will each receive $155. Trifecta has agreed to the entry of a Court order—called an injunction—designed to make sure it does not send unauthorized text messages in the future. The injunction requires that Trifecta take detailed steps to ensure that consumers provide their permission or express consent, in writing, to receive any future text messages. Stonebridge has made changes to its contracts with telemarketers. It has further agreed to include in its standard contracts with telemarketers provisions stating that it will not approve text messaging programs or that require telemarketers to take specific steps related to obtaining consent to transmit text messages.

Stonebridge has also agreed to pay for certain costs of sending notice to the Class and for administration costs of the Settlement. Additional information about the Settlement can be found in the Settlement Agreement in the "Court Documents" Section of this website.

**10. When will I get my payment?**

The hearing to consider the final fairness of the Settlement is scheduled for [Fairness Hearing Date.] If the Court approves the settlement, and after any appeals process is completed, eligible Class members whose claims were approved by the Settlement Administrator will be sent a check. Please be patient. All checks will expire and become void 90 days after they are issued.

## HOW TO GET BENEFITS

**11. How do I get benefits?**

If you are a Class Member and you want to participate in the Settlement, you must complete and submit a truthful Claim Form by **[Claims Deadline]**. Claims Forms can be found and submitted on-line or you may have received a Claim Form in the mail with a postcard summary of this notice. To submit a Claim Form on-line or to request a paper copy, go to www.LeeTextMsgCase.net or call toll free, 1-800-000-0000.

## THE LAWYERS REPRESENTING YOU

**12. Do I have a lawyer in this case?**

Yes, the Court has appointed lawyers Ryan D. Andrews and John C. Ochoa from Edelson PC as the attorneys to represent you and other Class Members. These attorneys are called "Class Counsel." The contact information for the lawyers in this case appear in section 20 below.

**13. Should I get my own lawyer?**

You don't need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask your lawyer to appear in Court for you if you want someone other than Class Counsel to represent you.

### 14. How will the lawyers be paid?

Class Counsel will ask the Court for attorneys' fees and expenses of up to $1,440,000, and will also request an award of $10,000 for the Class Representative. The Court will determine the proper amount of any attorneys' fees and expenses to award Class Counsel and the proper amount of any award to the Class Representative. The Court may award less than the amounts requested. Stonebridge will pay the amounts awarded by the Court in addition to the amounts paid to Class Members and for certain notice and administration costs.

## YOUR RIGHTS AND OPTIONS

### 15. What happens if I do nothing?

If you do nothing, you won't get $155 or any other benefits from the Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendants for the claims being resolved by this Settlement.

### 16. What happens if I ask to be excluded?

If you exclude yourself from the Settlement, you can't claim any money or receive any benefits as a result of the settlement. You will keep your right to start your own lawsuit against Stonebridge and/or Trifecta for the same legal claims made in this lawsuit. You will not be legally bound by the Court's judgments related to the Class and Defendants in this class action.

### 17. How do I ask to be excluded?

You can ask to be excluded from the Settlement. To do so, you must send a letter stating that you want to be excluded from the Settlement in *Lee v. Stonebridge Life Insurance Company* & *Trifecta Marketing Group LLC*, No. 11-cv-00043. Your letter must also include your name and address, the cell phone number that received the text message, and your signature. You must mail your exclusion request no later than **[objection / exclusion deadline]**, to:

Lee Text Message Settlement Administrator
PO Box 0000
Providence, RI 02940-0000

You can't exclude yourself on the phone or by fax or email.

### 18. If I don't exclude myself, can I sue Defendants for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendants for the claims in this lawsuit and resolved by this Settlement.

### 19. How do I object to the Settlement?

If you're a Class Member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file a letter or brief with the Court stating that you object to the Settlement in *Lee v. Stonebridge Life Insurance Company* & *Trifecta Marketing Group LLC*, No. 11-cv-00043. Your letter or brief must also: (1) identify all of the reasons for your objections (including citations and supporting evidence) and attach any materials you are relying on to make your objections; (2) include your name, address, the cell phone number that received the text message, and your signature; and (3) indicate whether you want to appear and speak at the Fairness Hearing, with or without your own lawyer (*see* Questions 21-23). Your objection and any supporting papers must be filed with the Court and mailed or delivered to Class Counsel, Stonebridge's Counsel, and Trifecta's Counsel at the following addresses, postmarked no later than **[Date], 2014**.

| Court | Class Counsel | Stonebridge's Counsel | Trifecta's Counsel |
|---|---|---|---|
| *Lee v. Stonebridge*, | Ryan D. Andrews | Tiffany Cheung | Alexander Sklavos |
| No. 11-cv-00043 | John C. Ochoa | Morrison & Foerster LLP | Law Offices of Alexander E. |
| Clerk of the Court | Edelson PC | 425 Market Street | Sklavos, PC |
| Phillip Burton Federal | 350 North LaSalle Street | San Francisco, CA, 94105-2482 | 375 North Broadway, Suite 208 |
| Building & United | Suite 1300 | | Jericho, New York 11753 |

| States Courthouse<br>450 Golden Gate<br>Avenue<br>San Francisco,<br>California 94102 | Chicago, Illinois 60654<br>1-866-354-3015 | | |
|---|---|---|---|

Class Counsel will file with the Court and post on the settlement website its request for attorneys' fees two weeks prior to [objection/opt-out deadline].

**20. What's the difference between objecting to the Settlement and excluding myself?**

Objecting is simply telling the Court that you don't like something about the Settlement. You can object to the Settlement only if you stay in the Class (i.e. don't exclude yourself from the Settlement). Excluding yourself is telling the Court that you don't want to be part of the Settlement. If you exclude yourself from the Settlement, you have no basis to object because the Settlement no longer affects you.

# THE COURT'S FAIRNESS HEARING

**21. When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Fairness Hearing at __ a.m. on **[date], 2014** in Courtroom 3 on the 17th Floor of the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102. The purpose of this hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider Class Counsel's request for attorneys' fees and expenses; and to consider the request for an incentive award to the Class Representative. At that hearing, the Court will listen to any objections and arguments concerning the fairness of the Settlement. The hearing may be postponed to a different date or time without notice. If you timely objected to the Settlement and told the Court that you intend to appear and speak at the Fairness Hearing you will receive notice of any change in the date of the Fairness Hearing.

**22. Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed and mailed on time and meets the other criteria described in the Settlement, the Court will consider it. You may also pay another lawyer to attend, but you don't have to.

**23. May I speak at the hearing?**

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include a statement in your letter or brief objecting to the Settlement saying that it is your "Notice of Intent to Appear in *Lee v. Stonebridge Life Insurance Company* & *Trifecta Marketing Group LLC,* No. 11-cv-00043." You must also include your name, address, telephone number that received the text message, and signature, as well as the name and address of your lawyer, if one will be appearing for you. Your objection and notice of intent to appear must be filed with the Court and mailed to Class Counsel, Stonebridge's Counsel, and Trifecta's Counsel no later than **[date], 2014**. You cannot speak at the Fairness Hearing if you exclude yourself from the settlement.

# GETTING MORE INFORMATION

**24. How do I get more information?**

You can visit www.LeeTextMsgCase.net for Court Documents and updated information about the lawsuit and the Settlement as it becomes available. You may also call the Class Action Administrator at [1-000-000-0000] or contact Class Counsel (see section 19 above), if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the case website. Questions may not be directed to the Court.