# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| JESSICA LEE, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>STONEBRIDGE LIFE INSURANCE COMPANY, a Vermont corporation, and TRIFECTA MARKETING GROUP LLC, a Florida limited liability company,<br><br>Defendants. | Case No. 3CV 11-0043-RS<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND APPROVING NOTICE PLAN**<br><br>Judge: Hon. Richard Seeborg |

[PROPOSED] ORDER                                                                                                           CV-11-00043-RS

1 WHEREAS, a class action is pending before the Court entitled *Lee v. Stonebridge Life Insurance Co., et al.,* Case No. 11-cv-00043; and

WHEREAS, on February 12, 2013, the Court granted Plaintiff's Motion for Class Certification, certifying a Class pursuant to Fed. R. Civ. P 23(b)(3) of "All individuals that received a text message from telephone number '650-283-0793' from November 28, 2010 through December 2, 2010;" and

WHEREAS, Plaintiff Jessica Lee ("Plaintiff"), Defendant Stonebridge Life Insurance Company ("Stonebridge"), and Defendant Trifecta Marketing Group, Inc., ("Trifecta") (Stonebridge and Trifecta are together "Defendants" and collectively with Plaintiff the "Parties") have entered into a Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendants for the claims of the Class upon the terms and conditions set forth in the Settlement Agreement, and the Court having read and considered the Settlement Agreement and exhibits attached thereto;

This matter coming before the Court upon the agreement of the Parties, good cause being shown, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Parties' Class Action Settlement Agreement and Release (the "Settlement Agreement").

2. The Parties have moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice against Defendants, and the Court having read and considered the Settlement Agreement and having heard the Parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in Paragraph 15 of this Order.

3. This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action, including all members of the Class it certified on February 12, 2013.

1  4. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class as to their claims against Defendants. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides beneficial relief to the Class. The Court also finds that the Settlement Agreement (a) is the result of arms' length negotiations involving experienced counsel made with the assistance of the Honorable Rebecca Westerfield (ret.); (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to the Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by Defendants.

Notice and Administration

5. Pursuant to the Settlement Agreement, Kurtzman Carson Consultants LLC ("KCC"), is hereby appointed as Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order.

6. On May 22, 2013, the Court approved, with minor modifications, a similar plan to notify the class of the certification of this Action (Dkt. 110.) The Court finds that the Notice Plan and all forms of Notice to the Class as set forth in the Settlement Agreement and Exhibits A, B, and C thereto, is also approved as the Notice Plan's amended form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances. The Court further finds that the Notice is reasonably calculated to, under all circumstances, apprise the members of the Class of the pendency of this action, the certification of the Class, the terms of the Settlement Agreement, and the right of members to object to the settlement or to exclude themselves from the Class. The Parties, by agreement, may revise the Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

7. Pursuant to paragraph 4.1 of the Settlement Agreement, the Notice Plan shall be implemented as follows: The Settlement Administrator shall within fourteen (14) days following the entry of this Order post notice of this settlement on the settlement website at

-2-

1 www.LeeTextMsgCase.net. Within thirty-five (35) days following the entry of this Order, the
2 Settlement Administrator or Stonebridge (with the assistance of the Settlement Administrator) shall
3 provide direct notice with an accompanying Claim Form by email and U.S. Mail, in accordance
4 with the Notice Plan. Additionally, the Settlement Administrator or Stonebridge shall, within thirty-
5 five (35) days of the entry of this Order, distribute a press release that summarizes this proposed
6 Settlement. Defendants have complied with the requirements of 28 U.S.C. § 1715 by serving notice
7 of the proposed Settlement upon the appropriate government officials within ten (10) days of the
8 Settlement Agreement being filed with the Court.

9       8. Members of the Class who wish to receive a payment under the Settlement
10 Agreement must complete and submit a valid Claim Form. All Claim Forms must be postmarked or
11 received by the Settlement Administrator within thirty (30) days after the date of the Final Approval
12 Hearing.

13       <u>Exclusion</u>

14       9. Class Members who wish to exclude themselves from the Class for purposes of this
15 Settlement may do so by complying with the exclusion procedures set forth below. Any member of
16 the Class who timely requests exclusion consistent with those procedures shall not be bound by the
17 terms of the Settlement Agreement.

18       10. To request exclusion, the Class Member must complete, sign, and mail to the
19 Settlement Administrator a request for exclusion, on or before June 19, 2014 (the
20 "Objection/Exclusion Deadline"). The request for exclusion must comply with the exclusion
21 procedures set forth in the Settlement Agreement and Notice and include the member's name and
22 address, the cellular phone number that received the text message from 650-283-0793, a signature,
23 the name and number of the case, and a statement that he/she wishes to be excluded from the Class
24 for purposes of this Settlement. A request for exclusion must be personally signed by the member
25 of the Class requesting exclusion and may not request exclusion of more than one member of the
26 Class.

27       11. Class Members who opt out of the Settlement Agreement shall not (i) be bound by
28 the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by

-3-

virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. However, Class Members who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they have requested exclusion from the Settlement Agreement.

Objections

12. Any Class Member who has not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement, to Final Judgment being entered and dismissing the Action with prejudice as to Defendants in accordance with the terms of the Settlement Agreement, to the attorneys' fees and expense reimbursement sought by Class Counsel, or to the award sought by the Class Representative as set forth in the Notice and Settlement Agreement. At least fourteen (14) days prior to the Objection/Exclusion Deadline, papers supporting the Fee Award shall be filed with the court and posted to the settlement website. Class Members may object on their own, or may do so through separate counsel at their own expense.

13. To object, a Class member must sign and file a written objection no later than June 19, 2014. To be valid, the objection must include the member's name and address, include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on), state that he or she is a Class Member, provide the cellular phone number that received the text message from 650-283-0793 and provide a statement indicating whether the objector intends to appear at the Final Approval Hearing with or without counsel. Any objection made by a Class Member represented by counsel must be filed through the Court's CM/ECF system. Class members who fail to file and serve timely written objections in compliance with the requirements of this paragraph and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Agreement.

14. To be valid, objections must be filed with the Court and delivered to Class Counsel Ryan D. Andrews of Edelson PC, 350 North LaSalle, Suite 1300, Chicago, IL 60654, Stonebridge's Counsel Tiffany Cheung, Morrison & Foerster LLP, 425 Market Street, San Francisco, California,

1  94105-2482, and Trifecta's Counsel Alexander E. Sklavos, Law Offices of Alexander E. Sklavos,
2  P.C., 375 North Broadway, Suite 208, Jericho, New York 11753 by June 19, 2014.

Fairness Hearing

4  15. The Fairness Hearing shall be held before this Court on July 24, 2014 at 1:30 P.M. in in Courtroom 3 on the 17th Floor of the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102 to consider: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be given final approval by the Court; (b) whether the Final Judgment should be entered; (c) whether to award payment of attorneys' fees and expenses to Class Counsel; and (d) whether to award payment of an incentive award to the Class Representative. The Court may adjourn the Fairness Hearing without further notice to Class Members.

16. Papers in support of final approval of the Settlement Agreement shall be filed with the Court on or before July 10, 2014.

Further Matters

17. In order to protect its jurisdiction to consider the fairness of this Settlement Agreement and to enter a Final Order and Judgment having binding effect on all Class Members, the Court hereby enjoins all Class Members, and anyone who acts or purports to act on their behalf, from pursuing all other proceedings in any state or federal court that seeks to address any Released Party's or Class Member's rights or claims relating to, or arising out of, any of the Released Claims.

18. Class Members shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

19. In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement, then (i) the Settlement Agreement shall be null and void, and shall have no further force and effect with respect to any Party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, and statements made in connection therewith shall be without prejudice to any person or Party hereto, shall not be deemed or construed to be an admission by any Party of any act, matter, or proposition, and shall

1  not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any
2  other action in any court or other proceeding, provided, however, that the termination of the
3  Settlement Agreement shall not shield from subsequent discovery any factual information provided
4  in connection with the negotiation of this Settlement Agreement that would ordinarily be
5  discoverable but for the attempted settlement; and (iii) other than as expressly preserved by the
6  Settlement Agreement in the event of its termination, the Settlement Agreement shall have no
7  further force and effect with respect to any Party and shall not be used in the Action or any other
8  proceeding for any purpose.

13  IT IS SO ORDERED.

14  DATED: April __4___, 2014

16  _____
    THE HONORABLE RICHARD SEEBORG

17  UNITED STATES DISTRICT COURT JUDGE