1

2

3

4

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| 5  JESSICA LEE, individually and on behalf of a class of similarly situated individuals, | Case No. 11-cv-00043-RS |
| 6  Plaintiff, | |
| 7  v. | **[PROPOSED] FINAL ORDER AND JUDGMENT APPROVING SETTLEMENTAND DISMISSING** |
| 8  STONEBRIDGE LIFE INSURANCE COMPANY, a Vermont corporation, and TRIFECTA MARKETING GROUP LLC, a Florida limited liability company, | **CLAIMS OF CLASS MEMBERS WITH PREJUDICE** |
| 9 | |
| 10 | Judge:  Hon. Richard Seeborg |
| 11  Defendants. | |

12

13       This matter came on for hearing on July 24, 2014.  The Court has considered the Parties'

14  Class Action Settlement Agreement ("Agreement") entered into by and among defendants

15  Stonebridge Life Insurance Company ("Stonebridge"), Trifecta Marketing Group LLC

16  ("Trifecta"), and plaintiff Jessica Lee, as an individual and as a "Class Representative"

17  (collectively the "Parties" in the above-referenced "Action"), together with all exhibits thereto, the

18  arguments and authorities presented by the Parties and their counsel, and the record in the Action,

19  and good cause appearing,

20  It is hereby ORDERED, ADJUDGED, and DECREED THAT:

21       1.      Terms and phrases in this Final Judgment shall have the same meaning as ascribed

22  to them in the Parties' Class Action Settlement Agreement and Release (the "Settlement

23  Agreement").

24       2.      This Court has jurisdiction over the subject matter of this action and over all Parties

25  to the Action, including all members of the Class it certified on February 12, 2013, pursuant to

26  Federal Rule of Civil Procedure 23(b)(3) consisting of "All individuals that received a text

27  message from telephone number '650-283-0793' from November 28, 2010 through December 2,

28  2010."

3.     On April 4, 2014, this Court granted Preliminary Approval of the Settlement Agreement finding, subject to the Final Approval Hearing, it to be "fair, reasonable, adequate, and in the best interest of the Class" the Court previously certified. (ECF No. 161, ¶ 4.)

4.     The Court finds that the Notice provided to the Class pursuant to the Settlement Agreement and the Preliminary Approval Order (ECF No. 161, ¶¶ 5-7) and consisting of individual notice via first-class U.S. Mail postcard and/or email to the Class, a press release, an interactive settlement website, and a toll-free phone number, has been successful and was the best notice practicable under the circumstances and:  (1) constituted notice that was reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the rules of the Court.

5.     No Class Member has submitted a request for exclusion from the Settlement or filed an objection to any of its terms.

6.     The Court finds that Defendants properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  The Court has reviewed the substance of Defendants' notice, and finds that they complied with all applicable requirements of CAFA.  Further, more than ninety (90) days have elapsed since Defendants provided notice pursuant to CAFA and the Final Approval Hearing.

7.     This Court now gives final approval to the Settlement, and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class.  The settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Class is reasonable, and in the best interests of the Class Members, considering the disputed facts and circumstances of and affirmative defenses asserted in the Action, and the potential risks and likelihood of success of pursuing litigation on

1  the merits.  The complex legal and factual posture of this case, the amount of discovery

2  completed, and the fact that the Settlement is the result of arms' length negotiations between the

3  Parties, including negotiations presided over by the Honorable Rebecca Westerfield (Ret.) of

4  JAMS, support this finding.  The Court finds that these facts, in addition to the Court's

5  observations throughout the litigation, demonstrate that there was no collusion present in the

6  reaching of the Settlement Agreement, implicit or otherwise. *See In re Bluetooth Headset Prods.*

7  *Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011).  This finding is also supported by, among other

8  things: the fact that the settlement provides substantial monetary benefits to Class Members and

9  such benefits are not disproportionate to the attorneys' fees and expenses awarded to Class

10 Counsel or the Class Representative; the benefits provided to Class Members are appropriate

11 under the circumstances of this case; and the Parties began negotiating regarding attorneys' fees

12 and expenses only after reaching an agreement regarding the key settlement terms.

13      8.      The Court has specifically considered the factors relevant to class settlement

14 approval (*see, e.g.*, *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004))—including,

15 *inter alia*, the strength of the Plaintiff's case; the risk, expense, complexity, and likely duration of

16 further litigation; the risk of not maintaining class action status throughout trial; the relief provided

17 for in the settlement; the extent of discovery completed and stage of the proceedings; the

18 experience and views of counsel; and the reaction of the Class Members to the proposed

19 settlement (including the claims submitted and lack of any opt-outs or objections)—and upon

20 consideration of such factors finds that the settlement is fair, reasonable, and adequate to all

21 concerned.

22      9.      The Court finds that the Class Representative and Class Counsel adequately

23 represented the Class for the purposes of litigating this matter and entering into and implementing

24 the Settlement Agreement.

25      10.     Accordingly, the Settlement is hereby finally approved in all respects, and the

26 Parties are hereby directed to implement the Settlement according to its terms and provisions. The

27 Settlement Agreement is hereby incorporated into this Final Judgment in full and shall have the

28 full force of an Order of this Court.

11.     This Court hereby dismisses the Action, as identified in the Settlement Agreement, on the merits and with prejudice.

12.     Upon the Effective Date of this Final Judgment, Plaintiff and each and every Class Member who did not timely opt out of the Class as identified above and their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these Persons and entities, but specifically excluding Defendants, shall fully, finally, completely and forever, release, relinquish, acquit and discharge Trifecta Marketing Group, LLC and Stonebridge Life Insurance Company, as well as any and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, agents, associates, affiliates, divisions, holding companies, employers, employees, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, companies, firms, trusts, and corporations from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims" as defined in the Settlement Agreement), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the TCPA or other federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States arising out of the facts, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omissions or failures to act regarding the alleged sending of any text messages from 650-283-0793 between November 28, 2010 and December 2, 2010, including all claims that were brought or could have

1    been brought in the Action relating to such text messages, belonging to the Plaintiff and the Class.[1]

2          13.    Upon the Effective Date of this Final Judgment, the above release of claims and the

3    Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all

4    pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all

5    other Class Members and Releasing Parties.  All Class Members are hereby permanently barred

6    and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class

7    members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of

8    any of the Released Claims.

9          14.    The Class Representative and all Class Members shall, as of the Effective Date,

10   conclusively be deemed to have acknowledged that the Released Claims may include claims,

11   rights, demands, causes of action, liabilities, or suits that are not known or suspected to exist as of

12   the Effective Date.  The Class Representative and all Class Members nonetheless release all such

13   Released Claims against the Released Persons.  Further, as of the Effective Date, the Class

14   Representative and all Class Members shall be deemed to have waived any and all protections,

15   rights and benefits of California Civil Code section 1542 and any comparable statutory or

16   common law provision of any other jurisdiction.

17         15.    The benefits and payments described in the Settlement are the only consideration,

18   fees, and expenses Defendants or the Released Parties shall be obligated to give to the Class

19   Representative, Class Members, and Class Counsel in connection with the Settlement and the

20   payment of attorneys' fees and expenses.

21         16.    The Court has also considered Plaintiff's Motion for attorneys' fees and expenses

22   to Class Counsel and adjudges that the payment of $ _____ is fair and reasonable

23   for the following reasons and those stated in Court.  Although negotiated fee awards are

24   encouraged, *see Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), "courts have an independent

25   _____

26      [1] During the preliminary approval hearing the Court inquired of counsel as to the temporal
     scope of the release as drafted in the Settlement Agreement.  The Parties agreed to modify the

27   language of the release to clarify the temporal scope, which fully addresses the concerns of the
     Court.

28

1   obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have

2   already agreed to an amount." *In re Bluetooth*, 654 F.3d at 941. In assessing the requested

3   attorneys' fees, the Court has considered the relief achieved for the Class Members, the time and

4   effort devoted by Class Counsel as demonstrated by their sworn declaration and itemized billing

5   records, and the complexity of the legal and factual issues involved. The Court finds that the Fee

6   Award to Class Counsel identified above is fair and reasonable under both a common fund

7   approach and a lodestar approach. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th

8   Cir. 2002) (finding in this Circuit, a 25% fee is the accepted "benchmark" in common fund cases);

9   *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975) (lodestar approach).

10       17.     The Court has also considered Plaintiff's Motion and supporting declarations for an

11   incentive award to the Class Representative.  The Court adjudges that the payment of a service

12   award in the amount of $_____ to the Class Representative, to compensate her for her

13   efforts and commitment on behalf of the Class, is fair, reasonable, and justified under the

14   circumstances of this case. *See Radcliffe v. Experian Info. Solutions, Inc.*, 715 F.3d 1157 (9th Cir.

15   2013).  Such payment shall be made pursuant to and in the manner provided by the terms of the

16   Settlement Agreement.

17       18.     Except as otherwise set forth in this Order, the Parties shall bear their own costs

18   and attorneys' fees.

19       19.     This Court hereby directs entry of this Final Judgment pursuant to Federal Rule of

20   Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of

21   enforcement or appeal of this Final Judgment notwithstanding the Court's retention of jurisdiction

22   to oversee implementation and enforcement of the Settlement Agreement.

23       20.     The Agreement and this Order are not admissions of liability or fault by Defendants

24   or the Released Persons, or a finding of the validity of any claims in the Action or of any

25   wrongdoing or violation of law by Defendants or the Released Persons.  The Agreement and

26   settlement are not a concession by the Defendants, Plaintiff, or the Released Persons, and neither

27   this Order or Judgment, nor any of its terms or provisions, nor any of the negotiations or

28   proceedings connected with it, shall be offered as evidence or received in evidence or used in any

1  way in any pending or future civil, criminal, or administrative action or proceeding to establish

2  any liability or wrongdoing of, or admission by Defendants, the Released Persons, or any of them.

3  Nor shall the Settlement or this Order act as an admission or evidence of that any of Plaintiff's

4  claims are with our without merit.  Notwithstanding the foregoing, nothing in this Order shall be

5  interpreted to prohibit the use of this Order or the Judgment in a proceeding to consummate or

6  enforce the Agreement or Judgment, or to defend against the assertion of Released Claims in any

7  other proceeding.  All other relief not expressly granted to the Class Members is denied.

8     21.    Pursuant to the Settlement, Trifecta is enjoined, for a period of four (4) years from

9  the Effective Date of the Settlement, so as to require the following procedures be implemented:

10         a.  Trifecta shall not make, or cooperate with others to make, SMS text calls
11             to cellular phones unless each text-message recipient has given explicit
               prior express consent to receive such text messages (in a manner
12             explained below);

13         b.  Trifecta shall require any contract it enters into for the purpose of
14             obtaining consumer cell phone numbers to transmit text messages, to
               provide that Trifecta and each entity with whom it contracts to obtain
15             consumer cell phone numbers shall keep documented proof of all prior
               express consent received from the owners of said cell phone numbers
16             for a period of four (4) years after said consent is obtained;

17         c.  Trifecta shall require any contract it enters into for the purpose of
18             obtaining consumer cell phone numbers to transmit text messages, to
               state that the requisite "prior express consent" must be obtained by
19             written means, including electronic methods, and require that if a
               cellular phone number is obtained on a website, that any authorization
20             must include an affirmative action on the part of the consumer, such as
21             checking a box or clicking on an "I Accept," "Submit," "Proceed," or
               similar button with disclosures informing that the affirmative action
22             will result in receiving text messages, which are presented on the same
               page as the required affirmative action indicating consent, with the text
23             of such disclosers placed within a reasonable distance (for example 200
               pixels on a 100 PPI screen) from the telephone number field or submit
24             button, and in text of sufficient size and contrast to be clearly legible.

25     22.    The Parties, without further approval from the Court, are hereby permitted to agree

26  to and to adopt such amendments, modifications, and expansions of the Settlement Agreement and

27  its implementing documents (including all exhibits to the Settlement Agreement) so long as they

28

7

1    are consistent in all material respects with this Final Judgment and do not limit the rights of Class
2    Members.

3         23.      Without affecting the finality of this Final Judgment in any way, this Court hereby
4    retains continuing jurisdiction as to all matters relating to administration, consummation,
5    enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any
6    other necessary purpose.

7

8

9    **IT IS SO ORDERED.**
10
11   Dated this _____ day of July, 2014
12

13

14                                                   _____
                                                     HONORABLE RICHARD SEEBORG
15                                                   UNITED STATES DISTRICT COURT
16
17   JUDGMENT ENTERED:  _____, 2014

18   By:  CLERK OF THE UNITED STATES DISTRICT COURT

19   FOR THE NORTHERN DISTRICT OF CALIFORNIA
20
21
22
23
24
25
26
27
28